*87 OPINION of the Court, by
Ch. J. Boyie.
This was an ejectment, brought by the plaintiffs in error in the Jefferson circuit court, to recover the possession of a lot in the town of Louisville. A common order was taken at the July term of that court, for want of an appear-anee, which was confirmed at their November term, and a writ of inquiry awarded and immediately executed. Afterwards, at the same term, on the motion of the defendant, founded upon an affidavit, the common order and the proceedings consequent thereto, were set aside, and they permitted to enter themselves defendants. At a subsequent term, a trial was had, during the progress of which the plaintiffs offered, to read some depositions *88 taken.on theirpart; but being objected to by the defen* daubs, they were rejected by the court, and a verdict and judgment being given for the defendants, the plaintiffs have brought the case to this court by writ of errar. '
« ob'eSi n made ° u lhc time to the order to adnut fend,° ¡Aplacé of the cafuai ejeflor, the ceiThig 7 °fucii períon to de. fend cannot be queftioned af. terwards.
a notice to take depofitions aL«s°dónerthe fame day, and fo far diftant the one from the party can. not attend at bdt d’ 'j ( depefitiona ken at either place cannot be
not»ce which p,e, eludes the par. tt/to?t,auo"eft fc/an agent, k »ot reafonabie.
The errors assigned question the propriety, 1st, of setting aside the common order and the consequent proceedings ; Silly, of .permitting the defendants in error tos *JR ma£ie P^-tics ; and 3dly, of the
1. A.5 to. setting aside the common order and the pro-csedmgs thereon. The affidavit upon which the» motion ^)i't iusI,urPose was made, amongst other things in subsfance states that the defendant had been in possession of the lot for 12 years, under a conveyance ; that he had intended to defend the suit, which was known to the per4 S0B i°r whose benefit the suit was brought i that he had employed counsel, who advised him as the depositions taken by'the plaintiffs could not be read on account of the ^sufficiency of the notice, that the suit would not be teU ed ; and that,his counsel had left the court, and himself was absent and was. not called when the. judgment was entered.
These circumstances certainly do not manifest such ⅛ degree of vigil-ance and attention as would be sufficient justify seitiiig- aside a judgment and permitting a de-fence in a case where the forms of proceeding and th» names of the parties were real, and not fictitious; but j», |1,¾ case of an ejectment, where every thing almost is a action, reason requires, arm the practice ol courts au-tliorises a different rule to be applied. This fictitious ni0<fe °f proceeding was in truth originally a mere crea-ture of the courts, devised for the purpose,, of trying ti-tics. They are therefore still in the habit of exercising a much wider range of discretion over the proceedings in it, while in their power, than they are wont to do in other cases. And were a court, upon even slighter grounds than those made put in this case, to set aside a jadpnent against the casual ejector, for the purpose of letting in the tenant in possession, or those under whom he claims, to make a defence, we should not think ourselves authorised to say that such court had abused its discretion or violated any rule of law.
It was said in argument, that the affidavit did not disclose a meritoi*fous defence. But surely the circumstances of the defendant’s being a purchaser, and hawing had the possession for 12 years^ are sufficient evá- *89 henees ox his right to authorise him to put any other claimant upon proof of his title, before he should .be dé-prived of the possession. We can therefore perceive nothing improper in setting aside the common order and the consequent proceedings.
2. As to the propriety Of permitting the defendants to be made parties. Every circumstance which tends to shew the propriety Of setting aside the common order on their application, tends also to shew the propriety of their being made defendants 5 and if the former was not improper, the latter cannot be so. But it is conclusive as to this point, that there was no objection made in the court below to their becoming defendants, nor exception taken to the order admitting them.
3. As to the propriety of rejecting the depositions. The nbjection to the depositions was taken upon the ground that the notice of the time and place of taking them was not reasonable. The notice was given to the defendants that the plaintiffs would proceed, on the same day, to take depositions at two different places— the one in the state of Maryland and the other in the Illinois territory, which are admitted to be at least 1000 miles from each other. It is evidently impossible that the defendants couid in proper person attend at each of those places, agreeably to the notice. But it was urged that they might have done so by their agents. To this it may be answered, tliat though the law allows a man the privilege of acting by his agent, it never compels him to do so. Many are unable to procure agents to attend to business of this sort, and some who are able may be unwilling to confide it to the agency of others; and to compel them to do so, would be unjust and unreasonable. A notice, therefore, like the one in the present instance, which cannot be attended to by the party interested, except by the agency of others, cannot be deemed a reasonable notice. But it is said that the objection to the notice is sufficiently obviated by the circumstance of the plaintiffs’ offering to read depositions taken only at one of the places named in the notice, and that the defendant did not attempt to attend at either. But as the defendant could not attend at both places, and did not know at which the depositions would be taken that might be offered in evidence, it would be unreasonable to compel him to attend at either place. If the notice was not good ' to take depositions at both places, it *90 cannot be good to take them at either: for this would ifi effort be to make it good if it bad been in the alternative to take depositions at the one or the other of the places without distinguishing which; and unquestionably such a notice would be unreasonable for its uncertainty.
Tiie court, therefore, did not act improperly in rejecting the depositions, and the judgment must be affirmed With costs,