## Case No. 8,651.

### LYTLE v. FENN et al.

[3 McLean, 411.] [1]

Circuit Court, D. Ohio.    July Term, 1844.

JUDGMENTS—MOTION TO SET ASIDE — FAILURE TO GIVE SECURITY FOR COSTS—IN EJECTMENT—SERVICE OF NOTICE—AGAINST CASUAL EJECTOR.

1. A failure to give security for costs. under the general rule of the court, no cause for setting aside a judgment.

2. Nor is the misapprehension of counsel a ground for doing so, under ordinary circumstances.

3. A judgment against the casual ejector. is different from an ordinary judgment. and may be set aside for good cause. after the expiration of the term at which it was entered.

4. In the notice offered to the declaration. the tenants should be named, and on them the notice should be served.

5. When the tenants are not named in the notice it is defective, and does not authorise a judgment against the casual ejector.

6. On the merits. connected with circumstances of great hardship. the court. in the exercise of their discretion. will set aside a judgment against the casual ejector at a subsequent term from that at which it was entered.

Mr. Corry, for plaintiff.

Messrs. Morris and Krepsey, for defendant.

OPINION OF THE COURT. At the last term a judgment was obtained against the casual ejector, and a motion is now made to set the judgment aside, on the following grounds: (1) There was no security for costs given by the plaintiff. (2) The tenant in possession was instructed by his counsel that no steps would be taken in the case at the last term. (3) The notice was defective, in not being directed to the tenants in possession.

It is insisted that the lessor of the plaintiff being in default, for not having given security for costs, as required by the rule of court, that no default could be enforced by a judgment against the casual ejector. The want of security may be taken advantage of by motion at any time during the progress of the cause; but after judgment, by default or otherwise, this objection cannot be made. If this were not different from an ordinary judgment, this motion could not now be heard. For after the expiration of

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

the term the court cannot ordinarily set aside or modify a judgment. They may correct any clerical error in the entry of the judgment, but this is the extent to which their power may be exercised under the common law. In Waters' Heirs v. Harrison, 4 Bibb, 87, it is said, that in ejectment the court need not be very strict in requiring cause to be shown to set aside a judgment against the casual ejector. 1 Caines, 503. The court will go further to protect the possession, when it can be done without injury to the plaintiff's claim, than it is willing in other cases to proceed. Judgment against the casual ejector irregularly obtained, will, as a matter of course, be set aside (5 Cow. 418); and as the situations of claimant and defendant in ejectment, are materially different, the courts are liberal in their rules for setting aside judgments against the casual ejector, although regularly signed; and will grant them, even after execution executed upon affidavit of merits or other circumstances which at their discretion they may deem sufficient. Doe v. Roe, 4 Burrows, 1996; Dabbs v. Paffer, Strange, 975; Doe v. Roe, 5 Taunt. 205.

When judgment has been obtained against the casual ejector and writ of possession has been executed, on an affidavit of merits and of fraud or surprise, and the payment of costs, the court will set aside the writ and award restitution. The misapprehension of the counsel as to the proceedings of the last term, that no step would be taken, can afford no ground on which to set aside the judgment at a subsequent term.

As to the defectiveness of the notice: The notice in this case is not directed to any of the tenants, but the person serving the declaration swears that he served a copy of the declaration on James Denham and other tenants in possession. In Craig v. Clarke, 3 A. K. Marsh. 252, it is said that a notice in ejectment is in the nature of process, and cannot be aided by any statement of the person serving the declaration, or by the defendants' appearing and excepting, unless they enter into the common rule, and the court say that a defect cannot be aided by any statement of the person serving the declaration. In Beal v. Siverts, 1 A. K. Marsh. 154, the court say that the declaration and notice answer the place of process to coerce an appearance, and the notice should, with the certainty of an original writ, state to what court the tenants are to appear. Til-

linghast's Adams, 229. The name of the tenant in possession must be prefixed to the notice. And again, the notice must contain the Christian and surname of the tenant or tenants in possession. But it seems from Doe v. Roe, 5 Moore, 73, that the notice will be sufficient, although the address to the tenant be altogether omitted, provided it be stated in the affidavit of service, that the tenant was duly served with a copy of the declaration before the assoign day, and acknowledged such service.

In the present case there was no acknowledgment of the service by the tenants. The court could not know who were tenants, unless the affidavit of the person making the service be taken; and on that alone judgment was entered against the casual ejector. The consequence of such a judgment is to turn out of possession all the tenants on whom a notice was served. It seems to us that the tenants against whom the action is brought, should be named in the notice, and this should govern the person making the service. Any departure from this certain and safe rule would occasion great uncertainty and confusion. If the notice, as is manifest, is in the place of process to bring the party into court, the naming of the persons in possession would seem to be indispensable. How is the person who serves the notice to know who are in possession. He must go beyond the process to ascertain the fact. And if he may do this in so important a matter as this, why may he not do the same thing in the service of other process. When the tenants are named in the notice, the service is made on the responsibility of the plaintiff, as it should be, and, in case of a mistake, he is accountable for the costs. It seems to us that in this case the notice was essentially defective, and did not authorise the judgment.

The affidavit of Denham shows that he has been in possession forty years, has defeated several ejectments in the state court, on the title now set up, and that he claims under a patent from the United States. Stronger merits could not be shown, and on this ground, connected with the other circumstances of the case, we think the judgment against the casual ejector should be set aside. Judgment set aside, cause entered and consent, rule, &c.