ALONZO STEPHENS *v.* SUMNER S. THOMPSON AND GEORGE FRANKLIN.

*Amendment. Partners. Prima facie evidence. Burden of proof. Depositions.*

A declaration upon a promissory note may be amended by adding a count upon an account stated. No new cause of action is thereby introduced if a recovery is claimed only upon the original consideration of the note.

If the creditor of a partnership takes the note or bill of exchange of one member only of the firm, in satisfaction of his claim, he thereby discharges the others.

The receipt of a note, " to balance account," is, *prima facie,* a discharge of the account; and imposes the burden of proof upon the opposite party to show it otherwise.

A party is entitled to a reasonable time to attend, by himself and his counsel, the taking of a deposition; and cannot be required to attend to it during term time.

ASSUMPSIT to recover the amount claimed to be due to the plaintiff from the defendants, as partners, and for which amount the plaintiff had, on the 16th of November, 1850, taken the note of the defendant Franklin alone. The defendant Thompson plead the general issue, the defendant Franklin not appearing, or making any defense. The declaration, as originally drawn, counted specially upon the note. Upon a trial at the November Term, 1854, the county court,—PECK, J., presiding,—decided that, upon the testimony introduced which consisted of the note and evidence of its consideration, the plaintiff could not recover against Thompson, upon his declaration, as it then was, but allowed the plaintiff to file a new count, counting upon an account stated. To the decision of the court allowing said amendment, the defendant Thompson excepted.

Upon a trial by jury at the November Term, 1855,—PECK, J., presiding,—the plaintiff read in evidence a promissory note for $74.95, dated November 16th, 1850, payable to the plaintiff, and signed by the defendant Franklin, accompanied with testimony tending to prove that the note was given for the amount due to the plaintiff upon an account which accrued, wholly or in part, in his favor against both defendants as partners. The plaintiff testified that, in the summer of 1850, Franklin told him to present his bill

and he would settle it; and that afterwards, at the date of the note, he and Franklin looked over the account and they agreed on the balance at $74.95; that Franklin, after they had so agreed, wrote the note and signed it, and wrote a receipt, and presented him the note, and asked him to sign the receipt; that he told Franklin he would take the amount they had agreed on, but wanted his pay; that he did not like that note; and that Franklin said it would make no difference, and would be just as well, he would have his pay in a few days, or words to that effect; that he signed the receipt and took the note ; the receipt being as follows, "received of George Franklin his note to balance account up to this date."

Thompson offered in evidence the deposition of one David Greeley, to the admission of which the plaintiff objected. It appeared that it was taken during the term, on Saturday evening, at about five o'clock, the trial being on Monday after; and was taken after notice by the justice, (who took it,) to the plaintiff to attend at the taking, which notice was given verbally at $4\frac{1}{2}$ o'clock the same evening. The plaintiff attended at the taking, but had not sufficient or reasonable notice to procure the attendance of his counsel, and he objected to its being taken on that account. The court excluded the deposition, and to their excluding it Thompson excepted.

Thompson requested the court to instruct the jury, that if the note was taken by the plaintiff in payment of the balance found at the time of giving it, the plaintiff was not entitled to recover against Thompson; that the receipt was prima facie evidence that the note was so taken in payment, and the burden of proof was upon the plaintiff to show that it was not so taken. The court declined so to charge; but did charge that the taking of the note, and giving the receipt, were so many circumstances to be weighed by the jury, in connection with the rest of the evidence, in determining whether the note was to be taken in payment or not; that if they should, from all the evidence, find that it was the understanding of the parties that the execution and delivery of the note and receipt, should be in payment, satisfaction or discharge of the account, or that Stevens should look to Franklin alone for pay-

ment, the plaintiff was not entitled to recover against Thompson. To the refusal of the court to charge as requested, and the charge on this point, Thompson excepted.

Verdict for the plaintiff.

*Peck & Harvey* and *Underwood & Hard* for the defendant Thompson.

The only claim set forth in the original declaration, not only on its face appeared to be, but, in fact, was against Franklin alone. It was therefore error to permit the filing of a count upon a claim against Thompson and Franklin, because the new count was for a different cause of action.

The receipt of the note " to balance account," was prima facie evidence that the note was accepted in payment and discharge of the account. *Hutchins* v. *Olcutt*, 4 Vt. 549 ; *Thatcher* v. *Dinsmore*, 5 Mass. 302 ; *Chapman* v. *Durant*, 10 Mass. 47 ; *Follett* v. *Steele*, 16 Vt. 30 ; *Torrey* v. *Baxter*, 13 Vt. 452.

The deposition of Greeley was improperly rejected. If the party in fact attends, the question of the reasonableness of the notice is thereby settled. The statute only requiring that the notice " shall be given or served so that the party may have a reasonable time to appear and be present." Acts of 1854, p. 4.

*L. B. Englesby* for the plaintiff.

Whether a note was given and received in payment of a subsisting claim, is a question of fact which, in this case, has been found in the plaintiff's favor. *Follett et al* v. *Steele*, 16 Vt. 30, and cases cited. *Waydell et al.* v. *Law*, 5 Hill 448.

The plaintiff was only present at the taking of Greeley's deposition under protest, and is not thereby deprived of any of his legal rights respecting it.

The opinion of the court was delivered by

BENNET, J. The amendment of the declaration was properly allowed by the county court.

The amendment allowed was the insertion of a count upon an account stated, and a note of hand is evidence to support such a count ; and if the party, in his proof, is confined to the original con-

sideration, there  can be  no objection.   This  was not introducing
any new  cause of action.

We think the law is too well settled in this state to admit of de-
bate  that if  a party  agrees to take, and does take a separate nego-
tiable note or  bill of  exchange  of one member  of  a partnership
firm in satisfaction of their joint debt, it is a discharge of the other
partners, and this is according to the  English cases.   See *Thomp-
son* v. *Percival,* 5 Barn. & Adol. 933, and  cases there cited ; and
such  seemed to be the opinion of the court below, although it must
be admitted, that the  case  cited  by counsel  from the 5th  Hill, is
opposed to this view.   The question then  before us is, did Thomp-
son make out a *prima facie* case  that Franklin's note was  taken
and received in satisfaction of  the  partnership account.   The fact
that he received the  note  *to  balance  accounts* is, *prima facie,* in
discharge of the account.

This  is the doctrine of the  Massachussetts court, and we  have
followed the Massachusetts cases.    See 4 Vt. 549, and 13 Vt. 452.

The jury should have been told that the  taking of  the note  and
giving  the receipt, in the  manner  detailed in the bill of exceptions,
made a *prima facie* case  for the defendant Thompson, and, unless
rebutted, their verdict should  have  been for  him,  and  there  was
error in the court submitting to the jury so many circumstances, to
be weighed by them, in connection with other circumstances.   This
was not giving the facts their legal effect.

The  deposition  of  Greeley was  properly excluded.   It is  well
settled, as a  rule  of  practice in the county courts, that  a  party
cannot be  required to  attend  the taking of  a  deposition  in term
time.    The party must  have reasonable time  to attend the taking
of  a deposition, by himself and  counsel, which  was  not  given  in
this case.

Judgment reversed and  case remanded.