JOHN E. KIMPTON v. HORACE GLOVER.

*Deposition. Notice. Discretion.*

The notice of the taking of a deposition should be given or served so that the adverse party may have not only a reasonable time to appear and be present at the taking, but also a reasonable time to procure the attendance of his counsel employed in his suit.

Where a party offers to show that the notice of the taking of a deposition was so short that it was not possible for himself or his counsel to be present at the time named in the notice, the decision of the court, as matter of law, that the deposition, notwithstanding all the party claimed was true, was taken upon reasonable notice, is subject to revision in the supreme court.

TROVER. Plea, the general issue. Trial by jury, March term, 1868, STEELE, J., presiding.

The facts are fully stated in the opinion of the court.

*George N. Dale*, for the defendant.

*D. S. Storrs* and *Ray & Ladd*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J.    The only question presented in this case, is whether the notice of the taking of certain depositions which were admitted in evidence, was served on the defendant so that he had a reasonable time to appear and be present at the taking of them.    The case states that notice of the taking of the deposition of Calvin Danforth was served on the defendant on Saturday evening, the 15th of February, 1868, and that the deposition was taken at Derby Line on the 18th of the same month.    The defendant offered to prove that he lived in Holland, and was so situated that he could not, for want of time, get his counsel, who lived at Island Pond, to attend the caption; that he was thus deprived of the benefit of any cross-examination of the witness; that he objected to the taking of the deposition and declined to cross-examine, for that reason; but the court refused such showing.    As to the depositions of Wheeler and Almond Danforth, it appeared from the certificate of the magistrate, that the depositions were taken on the 22d of February, 1868, at Derby Line, and that notice thereof was served on the defendant on the 20th of the same February.    The defendant offered to prove that said notice was served on him in the evening of the 20th; that he lived in Holland, several miles from the place of caption, and that his counsel lived at Island Pond, so far from the defendant and from the place of caption, that it was not possible, as he was situated, for either himself or his counsel to be present at the time named in said notice.    The court refused to hear the evidence, and decided, as matter of law, that the depositions were, notwithstanding all the defendant claimed was true, taken upon reasonable notice, and admitted the depositions against the defendant's objection.    We think this ruling of the county court is erroneous.    It is plain from the provisions of section 3 of chapter 36 of the General Statutes, which enumerates the several causes, either of which authorizes the taking of a deposition, that, in view

of the due administration of justice, it is the policy of the law that witnesses shall appear in court and testify in the presence and hearing of the triers, except in those cases where the statute provides that a deposition taken for either of the reasons named and in the manner provided, may be used as evidence in a civil cause. The law which provides for taking depositions, is more particularly for the benefit of the party who may desire the testimony of a witness but can not procure his attendance in court. The party taking a deposition, should be required to comply with the letter and spirit of the statute in matters of substance, and without such compliance the rights of the adverse party are insecure. Section 6 of that chapter provides, among other things, that any person wishing to take the deposition of a witness out of court, shall either cause personal notice to be given by the magistrate taking the deposition, to the adverse party, or a citation to be served on the adverse party, and that the notice shall be given or served so that the party may have a reasonable time to appear and be present at the taking of the deposition. The chief object of the statute requiring notice to be given or served so that the party may have a reasonable time to appear and be present at the taking of the deposition, is to give him an opportunity to make such cross-examination of the witness as the nature and circumstances of the case, and the testimony given by the witness on his examination in chief, may require. There are but very few parties who feel competent or willing to conduct the examination or cross-examination of a witness while making his deposition. In most cases of the taking of depositions, it is as necessary that the parties have the attendance and assistance of counsel, as it is for them to have counsel in court on trial of the cause; for the testimony contained in a deposition, might be decisive of the rights of the parties in respect to the matters in issue. In view of the object of giving notice to the adverse party of the taking of a deposition, we think a reasonable construction of the statute requires that the notice shall be given or served so that the party may have not only a reasonable time to appear and be present at the taking of the deposition, but also a reasonable time to procure the attendance of his counsel employed in the

suit. " A reasonable time to appear and be present at the taking of the deposition," means a reasonable time to appear and be present with his counsel. If the party can not have a reasonable. time to procure the attendance of his counsel when within a reasonable distance from the place of caption, or a reasonable time to employ such counsel as he would trust to conduct his case in court, and have an opportunity to state the case to such counsel before the taking of the deposition, he is liable to great disadvantage and embarrassment in the cross-examination of the witness. It is said by the plaintiff's counsel, that, if the defendant. could not procure the attendance of his attorney at Island Pond, he should have employed other counsel to attend the taking of the deposition. The person wishing to take the deposition of a witness, generally consults his own convenience as to the time and place of caption, so far as he can do so consistently with the provisions of the statute. And it might be a very great hardship, to hold that the adverse party should be required to " pick up" the attorney whom he could employ in the least possible time, and submit to the disadvantage and risk of an examination of the witness by one who knew nothing about the case. Such a rule on. this subject would, in many cases, deprive the party of any counsel at all, or embarrass his case by having counsel not familiar with the points or matters in dispute. We are of opinion that all of said depositions should have been rejected on the ground that the notice of their taking was not sufficient, and the defendant did not have a reasonable time to be present with his counsel at the taking · of all or either of said depositions. It is well settled as a rule of practice in the county court, that a party can not be required to · attend the taking of a deposition in term time, unless the same is taken by leave of court upon due notice and sufficient cause shown.. *Stephens* v. *Thompson et al.*, 28 Vt., 77 ; *Bemis* v. *Morrill*, 38 Vt., 153. Depositions taken in term time, unless by consent or leave · of court, have uniformly been rejected, not merely on the ground that the adverse party might be engaged in court, but also on the ground that the attorneys, as officers of the court, should not be required to attend the taking of a deposition in term time. The principle enunciated by that rule, is that the adverse party should.

have a reasonable time and opportunity to attend with his counsel the taking of the deposition. It will not, I think, be said that the impossibility or difficulty in obtaining counsel in term time, is any better reason for rejecting the deposition, than it is for rejecting a deposition taken at any other time when, by reason of the insufficiency of the notice, it was impossible for the adverse party to attend with his counsel. It is insisted by the plaintiff's counsel, that a rule of law requiring notice to be given or served so that the party may have a reasonable time to procure the attendance of his counsel employed in the suit, would place the person wishing to take the deposition, at the mercy of the adverse party. The law will not presume any attempt by the adverse party to prevent or embarrass the person wishing to take the deposition, nor will the law tolerate any unreasonable delay in procuring counsel. And when such a case is presented for adjudication, I trust the court will be as ready and willing to administer the proper relief, as they have done in this case, where the party wishing to take depositions, gave so short notice that it was impossible for the adverse party or his counsel to be present at the taking of them. It is claimed by the plaintiff's counsel, that the sufficiency of the notice was a matter wholly within the discretion of the court below, and not subject to revision here. But the authorities cited do not apply to this case. Upon the facts stated, the question of receiving or rejecting the depositions was not a matter within the discretion of the county court, nor was the question so treated by that court. They decided, as matter of law, that the statute which provides that the adverse party shall have notice and a reasonable time to appear and be present at the taking of the deposition, does not mean that he shall also have a reasonable time to procure the attendance of his counsel. Exceptions having been taken to that ruling of the county court, the matter is subject to revision by this court.

The result is that the judgment of the county court is reversed and the cause is remanded.