## AUSTIN T. MERRILL *vs.* HANNAH A. MERRILL.

Middlesex. January 9. — 16, 1879. COLT & ENDICOTT, JJ., absent.

At the trial of a libel for divorce by a husband against his wife alleging impotency on the part of the wife, it appeared that the parties had occupied the same bed for a period of ten years, both being in good health; that the marriage had never been consummated by any act of sexual intercourse; that the husband had often tried to have intercourse with his wife, but she utterly refused to permit it, giving no reason for her refusal; that the husband did not know that the wife was physically incapable of the act of sexual intercourse; and that the wife refused to submit to an examination as to her physical capacity. A female witness testified that the wife had said to her that she " could not have connection with any man," but gave no reason or explanation why she could not. *Held,* that this statement of the wife, taken together with the other evidence, would justify a finding that the charge in the libel was proved; and that a ruling that the evidence would not, in law, justify such a finding was a subject of exception.

LIBEL for divorce from the bond of matrimony, alleging impotency on the part of the libellee.

At the hearing, before *Endicott,* J., it appeared from the testimony of the libellant that the parties were married at Pelham, in the State of New Hampshire, on December 11, 1867, and subsequently lived together as husband and wife at Lowell, in this Commonwealth; that they occupied the same room and bed from the time of the marriage until about a year before the suing out of this libel, a period of nearly ten years; that both parties were in good health; that the marriage had never been consummated by any act of sexual intercourse; that the libellant had often solicited the libellee, and had tried by every means in his power to induce her to consent to his wishes; that she utterly refused to permit sexual intercourse, or to allow the libellant to make the attempt, or even to touch her person for that

purpose, and on one occasion she kicked him out of bed when he made the attempt; that she gave to him no reason for her refusal, but when he asked her about it she "put him off;" that he did not know that she was physically incapable of the act of sexual intercourse; and that a few weeks after the suing out of this libel, and before the hearing thereon, the libellant, by advice of counsel, took two competent physicians to the room of the libellee for the purpose of having her examined as to her capacity for sexual intercourse, but she utterly refused to be examined. The only other witness in the case was a young woman who had occupied the same room with the libellee for a year since the separation, who testified that she had a conversation with the libellee about two weeks before the trial, in which the latter said, " Mr. Merrill will have to go ahead and get his divorce. I could not have connection with any man." But she gave no reason or explanation why she could not. This was all the evidence in the case.

Upon these facts, the libellant contended that he was entitled to a divorce on the ground alleged in the libel, and asked the judge so to rule. But the judge refused to rule as requested; ruled that the evidence would not, in law, justify a finding that the wife was impotent; and ordered the libel to be dismissed The libellant alleged exceptions.

*W. H. Bent*, for the libellant.

No counsel appeared for the libellee.

BY THE COURT. Under the circumstances in evidence, the testimony that the libellee had said that she " could not have connection with any man " would warrant the inference that she meant that she was physically incapable of such connection, and, if so understood, would, taken together with the other evidence in the case, justify a finding that she was impotent, as charged in the libel. The presiding judge having ruled otherwise as matter of law, without passing upon the question of fact, the ruling is a subject of exception. *Nourse* v. *Henshaw*, 123 Mass. 96. *Exceptions sustained.*

At April term 1879, the case was heard by the Chief Justice upon the same evidence, and the libel dismissed