JOHN H. DIX *vs.* JOHN E. ATKINS.

Suffolk.    Nov. 11. — Dec. 2, 1879.    MORTON & SOULE, JJ., absent.

In an action for rent, on the issue whether the plaintiff had waived an informality in a notice to terminate a written lease, the plaintiff offered to prove that, on receipt of the notice, he notified the defendant in writing that the notice was insufficient, and that he should hold him as tenant; and put in evidence tending to show that he wrote a letter to the defendant which was sent by a third person to the defendant's place of business and left with his clerk, who promised to deliver it. Notice was given to the defendant to produce the letter; but he declined to do so, and testified that he had not received it. The judge ruled, as matter of law, that sufficient proof of delivery of the letter to the defendant had not been shown, and refused to admit secondary evidence of the contents of the letter. *Held,* that the plaintiff's evidence would warrant the inference of fact that the defendant had received the letter; and that the plaintiff was entitled to a new trial.

CONTRACT for rent of certain rooms in the Hotel Pelham, Boston, for the months of October, November and December, 1877, under a lease, dated May 1, 1875, for two years from October 1, 1875, and containing the following provision: "And it is hereby mutually agreed that if, before the end of the said term, neither of the said parties shall give to the other three months' notice in writing of his intention to terminate this lease at the end of the said term, the lease shall continue in force for another term of one year, and in the same manner from year to year until one of the said parties shall determine this lease by notice in writing in the manner aforesaid, which notice shall terminate with the end of the year for which the premises are

then held; and provided that either party may terminate this lease by notice in writing given three months before the termination of this lease."

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

The notice specified in the lease was not given by either party three months before the termination of the term of two years, but, on July 18, 1877, the defendant gave the plaintiff written notice of his intention to terminate the lease at the end of the term, and not to renew the lease after October 1, 1877, and, on September 30, 1877, he vacated the premises. The defendant contended, and put in evidence to show, that the plaintiff had waived the informality of this notice, and had accepted it as a sufficient notice under the lease; and this was the only question of fact in controversy.

The plaintiff denied that he had in any way waived the insufficiency of the notice; and he offered to prove that, upon receipt of the defendant's notice, he notified the defendant in writing that his notice was insufficient, and that he should not accept it, and should hold the defendant as his tenant for the ensuing year; and testified that, within a day or two after receiving the defendant's notice, he wrote a letter to the defendant, which he gave to the janitor of the hotel, with instructions to read it, and then to deliver it to the defendant. The janitor testified that he received the letter from the plaintiff at the time stated, with the instructions testified to by the plaintiff; that he read it, and then took it to the defendant's place of business; that the defendant's clerk there informed him that the defendant was not in, but that the clerk would deliver the letter to the defendant when he returned, and he thereupon left it with the clerk; that about a week afterwards he had a conversation with the defendant, in which the latter asked him what the plaintiff was going to do about it; that he told the defendant that it was not a notice, and that there was going to be a lawsuit about it; and that the defendant said, "Let the plaintiff go ahead. I have got as much money to fight it as he has." Nothing was said in this conversation about the plaintiff's letter; and the defendant testified that there was no such conversation. The plaintiff gave the defendant seasonable notice to produce the letter; but

the defendant testified that he had never received it. The clerk was not called. The plaintiff then offered to prove the contents of the letter by the testimony of himself and of the janitor; but the judge declined to admit the evidence, on the ground that, as matter of law, sufficient proof of delivery of the letter to the defendant had not been shown.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*R. M. Morse, Jr. & C. P. Greenough,* for the plaintiff.

*J. P. Treadwell,* for the defendant.

GRAY, C. J. The testimony of the plaintiff and of his janitor tended to show that the plaintiff wrote a letter to the defendant, and delivered it to the janitor with instructions to read it himself and then deliver it to the defendant; and that the janitor, after reading the letter, took it to the defendant's place of business, and, not finding him in, left it with his clerk, who said he would deliver it to the defendant on his return. This testimony, if believed, would warrant the inference of fact that the defendant had received the letter, and, if the presiding judge was satisfied of that fact, would in law entitle the plaintiff, after notice to the defendant to produce the letter, to offer secondary evidence of its contents. *Dana* v. *Kemble,* 19 Pick. 112. *Huntley* v. *Whittier,* 105 Mass. 391. The judge, without passing upon the controverted question of fact, having ruled " that, as matter of law, sufficient proof of delivery of the letter to the defendant had not been shown," the plaintiff is entitled to a new trial. *Foster* v. *Mackay,* 7 Met. 531. *Merrill* v. *Merrill,* 126 Mass. 228. *Exceptions sustained.*