## James W. Cole *vs.* Eben A. Hall.

Suffolk.   March 4. — April 6, 1881.   Endicott & Soule, JJ., absent.

If depositions are taken at different places at such times that the adverse party or his attorney cannot attend at both, it is within the power of the court, when the depositions are offered in evidence, to suppress the depositions of those witnesses whom the adverse party has thereby been deprived of reasonable opportunity to cross-examine, although the notice required by the Gen. Sts. c. 131, §§ 20–22, has been duly given to the adverse party.

Tort for libel, in publishing in a newspaper an article charging the plaintiff, a Methodist minister, with abusing his wife generally, and with whipping her.   Answer: 1. A general denial.   2. That the alleged libel was true and was not published with malice.   Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff in rebuttal offered evidence tending to show that his wife had been at times insane and violent and dangerous; and that whatever force he had used upon her was restraining force to prevent her from doing injury.

The defendant offered evidence tending to show that the plaintiff's wife was not really insane, or, if so, was not violent and dangerous in her insanity, but was of fierce and excitable temper; and that, although she had been duly committed as insane to the Northampton Lunatic Hospital, and had remained there one month, she was duly discharged, and resumed her duties at the head of the plaintiff's household, and in the care of his young children, for some months preceding the alleged act of cruelty.

The depositions of Dr. Pliny Earle, superintendent, and Dr. Edward B. Nims, assistant, at the hospital, were offered by the defendant to support his view of the case.   The plaintiff objected

to the admission of these depositions, and offered to prove that, on September 25, 1880, he was duly notified, by notice dated September 23, 1880, that the defendant would take certain depositions at Greenfield on Monday, October 4, 1880, at nine o'clock in the forenoon, and at the same time he was also notified by notice dated September 24, 1880, that the defendant would take the depositions of Drs. Earle and Nims at Northampton on the same Monday at five o'clock in the afternoon; that the plaintiff's counsel at once notified the magistrate at Northampton that he had been served with said notice to take depositions at Greenfield; that the plaintiff and his counsel were engaged in taking depositions at Greenfield until nearly ten o'clock in the evening of said Monday; and that the plaintiff needed the ser vices of his counsel at the taking of the depositions at Greenfield.

The defendant thereupon offered to prove that the time for taking said depositions was on the last day before the sitting of the court in Boston, and no deposition could be taken after said Monday without special order of court; that the time was fixed in the morning at Greenfield, and in the afternoon at Northampton, to accommodate the plaintiff and his counsel coming from a distance; that the defendant was ready at nine o'clock, and the plaintiff was present, but without his counsel; that the defendant's counsel informed the plaintiff that, if it would accommodate him, he would wait until the arrival of the train from Boston at eleven o'clock; that the plaintiff went away without informing the magistrate or any one that his counsel had stopped at Greenfield the previous night, and was then at the hotel, a few rods distant; that neither the plaintiff nor his counsel again appeared until after eleven o'clock; that, at the taking of said depositions in Greenfield, the plaintiff caused great delay in various specified ways, so that it was apparent that his object was to consume time; that the plaintiff stated on the following day that it was the plan of his counsel to occupy the whole day at Greenfield, so as to leave no time to go to Northampton; that, at about four o'clock in the afternoon of said Monday, and before the leaving of the train from Greenfield for Northampton, the defendant's counsel showed to the plaintiff's counsel a letter from Drs. Earle and Nims, stating what their testimony would

be, and informed him that the object of the depositions was to put the statements of the letter in the form of evidence; and that the plaintiff's counsel was also informed that said depositions would be taken at Northampton according to the notice.

But the presiding judge being of opinion that, the provisions of the statutes having been complied with, it was not a matter within his discretion to admit or reject the depositions, refused to consider and determine the truth of the respective allegations, and thereupon overruled the objection of the plaintiff, and admitted said depositions of Drs. Earle and Nims in evidence.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. Baylies*, for the plaintiff.

*C. C. Conant*, for the defendant.

GRAY, C. J. The statutes of the Commonwealth authorize depositions to be taken by either party to a civil action, upon giving notice to the adverse party or his attorney of not less than twenty-four hours, with additional time at the rate of one day for every twenty miles' travel. Gen. Sts. *c.* 131, §§ 17, 20–22. The manifest design of the Legislature is that the adverse party shall have opportunity to attend in person, or at least by his attorney duly instructed in the cause, to cross-examine the witnesses. It is inconsistent with the spirit and purpose of the statutes to allow one party without restriction to take depositions of witnesses at different places at the same time, or so nearly at the same time that the adverse party or his attorney cannot attend at each place. And we can have no doubt that, if depositions are taken at different places at or near the same time, it is within the power of the court, when the depositions are offered in evidence, to suppress the depositions of those witnesses whom the adverse party has thereby been deprived of reasonable opportunity to cross-examine. *Hankinson* v. *Lombard*, 25 Ill. 572. *Waters* v. *Harrison*, 4 Bibb, 87. *Fant* v. *Miller*, 17 Gratt. 187, 226, 227. *Blair* v. *Bank of Tennessee*, 11 Humph. 84. *Scammon* v. *Scammon*, 33 N. H. 52, 60. *Kimpton* v. *Glover*, 41 Vt. 283.

In this, as in many other matters concerning the introduction of evidence, much must be left to the discretion of the judge

presiding at the trial. In the case before us, depositions were taken at places about twenty miles apart at different hours of the same day. If, upon the evidence offered at the trial, the presiding judge had either rejected the depositions taken at Northampton because he found as matter of fact that it was impracticable for the plaintiff or his attorney to attend at both places, or had admitted all the depositions because he found as matter of fact that the failure of the plaintiff to reach Northampton at the time appointed was owing to unreasonable delay on his part in beginning or proceeding with the examination of the witnesses at Greenfield, the decision might not have been subject to exception. But the learned judge having, without considering the evidence offered, erroneously ruled as matter of law that, the provisions of the statutes having been complied with, he could not reject the depositions taken at Northampton, the plaintiff's exception to that ruling must be sustained. *Dix* v. *Atkins*, 128 Mass. 43. *Wamesit Power Co.* v. *Lowell & Andover Railroad*, 130 Mass. 455. *Kimpton* v. *Glover*, 41 Vt. 287.

The suggestion made by the defendant's counsel at the argument, that the depositions, the introduction of which he had pressed against the plaintiff's objection, were immaterial to the issue, is quite unfounded. The alleged libel upon the plaintiff was not limited to a charge of whipping his wife, but included general charges of abusing her; and evidence of her sanity or insanity was, as it was treated by the judge and by both parties at the trial, competent upon the question whether he had used excessive force for her restraint. *Exceptions sustained.*