THE STATE, EX REL. LITTLETON, v. LEACH ET AL.

1. **Practice:** SAVING EXCEPTIONS: METHOD AND TIME: An exception can be preserved only by having it embodied in a bill of exceptions, or by having it noted in the record of the decision to which it relates. (Code, §§ 2831, 2833.) And a party who would save his exceptions by the first method must have his bill of exceptions signed and filed during the term at which the decision objected to was made, or within such time thereafter as the court may fix; and where the court did not fix any such time, *held* that a bill of exceptions signed and filed at the next term must be disregarded on appeal, even though it embodies the several rulings of the court, and recites that appellant excepted to each of them.

2. **New Trial:** MOTION FOR: CAUSE DECIDED ON DEMURRER: Where, pending the trial, plaintiff amended his petition, and a demurrer to the petition as amended was sustained, and judgment was rendered thereon, a motion for a retrial, based on the ground that, upon the facts proved, the judgment should have been for plaintiff, was properly overruled, because the judgment was not based on any facts proved.

*Appeal from Polk Circuit Court.*

FRIDAY, MARCH 4.

THE defendant Leach obtained from the board of supervisors of Polk county a permit to buy and sell intoxicating liquors for the purposes for which such liquors may be sold under the statute. He also gave a bond, in the form prescribed by the statute, with the other defendants as sureties. This action was brought for the recovery of the penalties prescribed by the statute for certain alleged breaches of the bond. It was charged in the original petition that Leach did not, on the last Saturday of each of certain named months, or within five days thereafter, file with the county auditor a report in writing showing the kind and quantities of liquors purchased by him since the date of his last report, the price paid, and the amount of freights paid on the same; also the kind and quantities of liquors sold by him since the date of his last report, to whom sold, for what purpose, and for what price sold, and the kind and quantity of liquors remaining on hand. The answer of the defendant to this

petition was a general denial of its allegations. During the progress of the trial, plaintiff filed an amendment to the petition, in which it was alleged that the breaches of the bond relied on were that defendant did not, in any one of the returns alluded to, state the kinds and quantities of liquors purchased by him during the periods covered by the returns, and the price paid for the same; but in each of said returns he stated the price paid as having been from a greater to a lesser sum for a given number of gallons per gallon, so that the returns do not intelligibly state what price was paid for any one purchase, either in detail or in the aggregate. Thereupon defendant demurred to the petition as amended, on the ground that it neither alleged a failure to file a report within the time provided by the statute, nor the filing of a false report. The circuit court sustained this demurrer, and, the plaintiff declining to plead further, an order was entered dismissing the action, and taxing the costs to the relator. Afterwards, counsel for plaintiff filed in the case a paper, denominated a motion for a rehearing, which was subsequently overruled by the court, and plaintiff appealed.

*M. D. McHenry*, for appellant.

*Cummins & Wright*, for appellee.

REED, J.—I. The first assignment of error is that "the court erred in sustaining the demurrer to the petition as amended;" and the question arising under this assignment is the one mainly relied on by counsel for the plaintiff for the reversal of the judgment. But we cannot on the record in the case consider that question. The ruling on the demurrer was made on the twenty-first day of March, and the order dismissing the action was made on the same day. Counsel for plaintiff did not cause an exception to these rulings to be noted in the record at the time they were made,

1. PRACTICE: saving exceptions: method and time.

or within three days thereafter. On the twenty-second of
March he filed his motion for a rehearing, and it was sub-
mitted on the same day, and taken under advisement by the
judge; but the order overruling it was not made until the
next term of the court, which was in May following.  After
the order overruling that motion was entered, the judge
signed a "bill of exceptions," which embodies the various
rulings of the court in the cause, including those sustaining
the demurrer and dismissing the action.  It is recited in
this "bill of exceptions" that plaintiff excepted to each of
said rulings.  This is the only record of an exception by
plaintiff to the ruling on the demurrer; and it is very clear,
we think, that it does not save the question for review on
this appeal.  It has so frequently been held that, in ordinary
actions, we could review only such rulings of the lower court
as were excepted to, and the exception properly made a mat-
ter of record, that it cannot now be necessary to refer to the
cases in which the ruling has been made.  The statute is
clear and explicit as to the time at which exceptions may be
taken, and the manner in which they must be preserved.
Section 2831 of the Code is as follows:  "An exception is
an objection to a decision of the court on matter of law.
The party objecting to the decision must do so at the time
the same is made, (but if the decision is on motion, demur-
rer, or judgment, exception may be taken within three days,)
and embody his objection in a bill of exceptions, to be filed
during the term, or within such time thereafter as the court
may fix.   *.   *   *"   And section 2833 is as follows:
"When the decision objected to is entered on the record, and
the grounds of the exception appear in the entry, or when
any error appears of record, the exception may be taken by
the party causing to be noted, at the end of the decision or
in connection therewith, that he excepts."   It is clear that,
under these provisions, an exception can be preserved only
by having it embodied in a "bill of exceptions," or by hav-
ing it noted in the record of the decision to which it relates.

And a party who would save his exception by the first method mentioned, must have his "bill of exceptions" signed and filed within the time prescribed by the first provision quoted; that is, during the term at which the decision objected to was made, or within such time thereafter as the court may fix. As stated above, the bill of exceptions · in this case was signed during the next term after the one at which the ruling in question was made. But the court did not fix a time after that term within which it should be signed and filed. There was no authority, then, for signing a bill of exceptions at that time for the preservation of that question, and we must disregard it.

II.   Error is assigned on the judgment of the court taxing the costs to the relator. But, as to this question, the record is in the same condition. The only record of any exception to the ruling is contained in the bill of exceptions, which, as stated above, was not signed until the next term after that at which the ruling was made, and no time after the term was fixed within which it should be signed. The exception was therefore not properly preserved, and we cannot consider the question attempted to be raised by the assignment of error.

THE SAME.

III.   The final action of the court in overruling the motion for a rehearing, or a new trial, is also assigned as error. The following are the grounds of that motion: "(1) Because the court erred as to the finding of the facts of the case. (2) The court erred as to the law of the case on the facts. (3) On the law and facts, as submitted to the court, the plaintiff was entitled to judgment." The amendment to the petition, it will be borne in mind, was filed after an issue had been joined and the parties had entered upon the trial, and the demurrer was to the petition as amended. In submitting this motion, counsel appear to have proceeded on the theory that there had been a determination of the case on the facts. Each of the grounds of the motion is, in effect, that, upon the facts

2. NEW trial: motion for: cause decided on demurrer.

proven, the judgment should have been for plaintiff. But the judgment was not based upon evidence. The court determined that the petition, as amended, was not sufficient to entitle the plaintiff to relief, and that was the ground upon which the judgment was rendered. The motion did not assail that ruling; nor did it call for a review of it. It was manifestly filed through a misconception of the record in the case, or a misunderstanding as to the action which had been taken by the court, and it was properly overruled.

The judgment must be

AFFIRMED.