# TALTY *v.* DISTRICT OF COLUMBIA.

RULES OF COURT; BILLS OF EXCEPTION; WRIT OF ERROR TO POLICE COURT.

1. A rule of court has the force of law and is binding upon the court as well as parties and cannot be dispensed with by the court to meet the hardship of a particular case; *following* District of Columbia v. Roth, 18 App. D. C. 547.

2. While every reasonable presumption, that the record will permit, will be indulged in by an appellate court in favor of the regularity of a bill of exceptions, one will not be entertained which clearly appears from the record to have been settled, signed, and filed after the expiration of the term of the court or of any period beyond which it could not be legally postponed.

3. Where, in a case brought to this court by writ of error to the police court, it appears from the record that a bill of exceptions was presented to the trial judge, signed by him and filed two days after the expiration of the time prescribed by section 2 of Rule 25 of this court, the writ will be dismissed; and affidavits on behalf of the plaintiff in error will not be considered by this court

to contradict the recitals of the record, by showing that the bill of exceptions was in fact presented to the trial judge within the time prescribed by the rule, but inadvertently dated by him as of the date on which he actually signed it. Any correction of the record should be made in the trial court through application seasonably made.

No. 1196.  Submitted October 14, 1902.  Decided November 5, 1902.

Motion by the defendant in error, the District of Columbia, to dismiss a writ of error to the police court of the District of Columbia.                                      *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the motion.

*Mr. George E. Hamilton, Mr. Michael J. Colbert,* and *Mr. John J. Hamilton,* opposed, cited *Underwood* v. *Hossack,* 40 Ill. 98; 9 Col. 358; *People* v. *Judge,* 20 Mich. 220; *Jones* v. *Wilson,* 103 N. C. 13; *Harritee et al.* v. *Pofflein,* 73 Md. 322; 38 Md. 468; 3 Encyc. of Pl. & Pr. 474, 484; 2 Encyc. of Pl. & Pr. 345; *Field* v. *Gellerson,* 80 Me. 270; *Wetmore* v. *Wetmore,* 51 N. Y. St. Rep. 275.

Mr. Justice SHEPARD delivered the opinion of the Court:

We are compelled to sustain the motion to dismiss the writ of error granted in this case.

The record sufficiently shows that during the trial, which terminated on March 13, 1902, the defendant excepted to certain rulings of the judge of the police court and gave notice of his intention to apply to this court for a writ of error, in substantial compliance with the rule made by this court under the authority of the act of Congress conferring the appellate jurisdiction. This rule, however, requires not only that the intention to apply for the writ of error shall be noted during the trial, but also that the defendant shall, *within three days thereafter,* present his bill of exceptions

to the court, and that it, " if properly prepared, or after cor-
rection by the judge, shall be signed by the judge, *within
two days from the date of the judgment or sentence imposed,*
and he shall file the same in the cause immediately after
signing the same." In respect of the time of presenting,
signing, and filing the bill of exceptions, the record contains
the following entry: " March 18. Bill of exceptions filed,
settled and signed." The final recital of the bill itself is in
these words: " In witness whereof, at the request of the
defendant's counsel, the presiding justice signs this bill of
exceptions this 18th day of March, A. D. 1902;" then fol-
lows the signature of the judge.

As the judgment was entered and sentence pronounced on
March 13th, the bill of exceptions was, by the plain recitals
of the record, presented to the court, signed by him and filed
two days after the expiration of the time prescribed by the
terms of the rule. The rule was made by the express au-
thority of the act of Congress in order to give the same com-
plete and definite effect. It has the force of law, and is
binding upon the court as well as parties, and cannot be
dispensed with by the court to meet the hardship of a par-
ticular case. *District of Columbia* v. *Roth,* 18 App. D. C.
547, 550; *Rio Grande Irrigation Co.* v. *Gildersleeve,* 174
U. S. 603, 608.

The appellate courts of this country generally concur in
the rule that every reasonable presumption will be indulged
in favor of the regularity of a bill of exceptions that the
record will permit. But it seems to be the settled practice
of the Supreme Court of the United States, and of the appel-
late courts of the States generally, not to entertain a bill of
exceptions which clearly appears from the record to have
been settled, signed, and filed after the expiration of the
term of the court, or of any period beyond which it could
not be legally postponed. *Muller* v. *Ehlers,* 91 U. S. 249,
250; *Coughlin* v. *District of Columbia,* 106 U. S. 7; *Morse*
v. *Anderson,* 150 U. S. 156; *Ward* v. *Cochran,* 150 U. S.
597; *Barstow* v. *Marsh,* 4 Gray, 165; *Hake* v. *Strubel,* 121

Ill. 321, 329; *State* v. *Leach,* 71 Iowa, 54; *State* v. *Britt,* 117 Mo. 584.

In the foregoing cases decided by the Supreme Court of the United States the jurisdiction to entertain the writ of error did not depend upon the existence of a regular bill of exceptions, and in one of them (*Coughlin* v. *District of Columbia*) the judgment was reversed for error apparent on the face of the record.

In the case at bar the jurisdiction does depend upon the regularity of the bill of exceptions.

Nothing remains, therefore, but to dismiss the writ of error. *Edmonson* v. *Bloomshire,* 7 Wall. 306, 310; *Norton* v. *Commissioners,* 129 U. S. 505.

The foregoing views have not been controverted on behalf of the plaintiff in error, who founds his opposition upon an affidavit filed in opposition to the motion to dismiss.

No attempt has been made to controvert this affidavit, which contains the following recital of the facts relating to the settlement of the bill of exceptions:

" This affiant avers that said bill of exceptions was prepared and presented to Justice Scott within the three days after judgment was entered as required by section two of the rule twenty-five of this court and that said bill of exceptions was retained by Justice Scott for two or three days before signature for the purpose of having certain small corrections made therein; that when this affiant called at the police court to have the record made up on the 18th day of March, 1902, Mr. Justice Scott then requested that said corrections be made in the bill of exceptions, and at the request of said justice, this affiant took the bill of exceptions to his office, had the corrections made, and returned with it to the police court and the same was signed by Justice Scott.

" That said bill of exceptions was presented to Justice Scott personally and the records of the police court may, for that reason, have failed to show when the same was filed and Justice Scott appears to have inadvertently dated the bill of exceptions on the day on which it was actually signed.

" This affiant is absolutely positive that said bill of exceptions was presented to Justice Scott within three days after judgment, because he had a conversation with Justice Scott at the time he presented it relative to the requirements of section two of rule twenty-five of this court."

We are of the opinion that an appellate court ought not to entertain affidavits contradicting or explaining the recitals in the record certified from the trial court. The certified record imports verity, and if through inadvertence or mistake it contains an incorrect recital or statement of a material fact, the correction should be had in the court from whence it comes, through application seasonably made. This view seems to be sound in principle and, as well, supported by the weight of authority. *Wilder* v. *House,* 40 Ill. 92; *Wishmier* v. *State,* 110 Ind. 523, 526; *City of Somerville* v. *Fiske,* 137 Mass. 91; *Bishop Iron Co.* v. *Hyde,* 72 Minn. 16.

Assuming that the bill of exceptions was properly prepared and presented to the trial judge within the time prescribed by the rule, and that through inadvertence he gave it a later date both of signing and filing, the consequence is to visit a great hardship upon the plaintiff in error who has been convicted of a misdemeanor and sentenced to pay a fine of fifty dollars. But we cannot upon that ground, much as we may regret the result, justify ourselves in overturning what we conceive to be a sound, salutary and well established rule of practice. The conditions of this case are substantially similar to those presented in the case of *Clagett* v. *Gray, supra,* and the following words of the Supreme Court of Iowa so completely express our view of the situation that we adopt them: " We do not think it will do to admit affidavits on such questions in this court. If we admit one to contradict or explain the record we may any number, and thus perpetually new issues would be made which are not contemplated in an appellate tribunal. We must go to the record of the court below where the controversy arises, and this is the only safe rule. This rule may operate badly in the case at bar, and if in the enforcement of a rule that must be gen-

eral, we could fairly exempt this case from its operation, we should be inclined to do so."

Our attention has been called to but one case where a different rule has been followed. *People* v. *Judge,* 20 Mich. 220. In that case the point was decided without assigning any reason for the decision.

It is unnecessary to mention other cases to which our attention has been directed. In them the difficulty was not in the recitals of a record prepared by or under the supervision of the court, but arose through the negligence or fault of a ministerial officer whereby a bond was not entered as presented or approved in time, or a transcript was not made out and delivered as required, and the like. They present, consequently, a different question, the decision of which is not necessary. It is proper, however, to say, that when a party shall have done seasonably all that the law prescribes as requisite to preserve or obtain his right on appeal, he cannot be deprived of it by the negligence or inadvertence of either a ministerial or judicial officer, but will have an appropriate remedy. For the reasons given the writ of error is       *Dismissed.*