JEANETTE SQUIRES *vs.* EDGAR W. COBB, administrator.

Barnstable. May 21, 1936. — May 29, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Deposition. *Evidence,* Deposition.

An exception to the admission in evidence of a deposition improperly taken within the Commonwealth on written interrogatories and cross interrogatories, so that the excepting party was deprived of his right to oral cross-examination, was sustained.

The deposition to be taken within the Commonwealth under G. L. (Ter. Ed.) c. 233, § 25, is that described in §§ 26 (in the amended form appearing in St. 1932, c. 71, § 1); 27; 28; 29 and 30 (in the amended forms appearing in St. 1932, c. 71, §§ 2, 3); and 31; and not that described in §§ 41–43 of that chapter and Rules 37 and 38 of the Superior Court (1932).

CONTRACT. Writ in the Superior Court dated February 15, 1934.

The action was tried before *Goldberg,* J. There was a verdict for the plaintiff in the sum of $616. The defendant alleged an exception.

*J. B. Sly,* for the defendant.

*J. A. Vitelli,* for the plaintiff, submitted a brief.

LUMMUS, J. Subject to the defendant's exception, the plaintiff, who was unable because of illness to attend court, was allowed to prove her case by her own deposition, taken

within the Commonwealth under G. L. (Ter. Ed.) c. 233, § 25, for the reasons that she "lives more than thirty miles from the place of trial" and that she "is so ill . . . or infirm as to make it probable that he [she] will not be able to attend at the trial." The objection to the deposition was that the defendant, although allowed to file written cross interrogatories, was not given notice of the time of taking and therefore had no opportunity to cross-examine orally.

The procedure adopted would have been appropriate to the taking of a deposition without the Commonwealth. A commission was issued, addressed to any justice of the peace or notary public (*Tucker* v. *Utley*, 168 Mass. 415, 416), to which were annexed written interrogatories and cross interrogatories, to be answered by the deponent in the absence of the parties. It is only where the "court otherwise orders," that a deposition without the Commonwealth is taken in the presence of both parties upon oral questions. G. L. (Ter. Ed.) c. 233, §§ 41, 42, 43. Rules 37 and 38 of the Superior Court (1932).

But no such commission issues for the taking of a deposition within the Commonwealth. After application to a justice of the peace or notary public, a notice issues and is served upon the adverse party (St. 1932, c. 71, §§ 1, 2, amending G. L. [Ter. Ed.] c. 233, §§ 26, 29), requiring him to appear and "propose interrogatories" at a time and place appointed for taking the deposition. St. 1932, c. 71, § 1, amending G. L. (Ter. Ed.) c. 233, § 26. After being sworn, the deponent "shall then be examined by the justice or notary, and the parties if they think fit, and his testimony shall be taken in writing." St. 1932, c. 71, § 3, amending G. L. (Ter. Ed.) c. 233, § 30. "The party producing the deponent shall be allowed first to examine him, either upon verbal or written interrogatories, on all the points which he considers material; the adverse party may then examine him in like manner, after which either party may propose further interrogatories." G. L. (Ter. Ed.) c. 233, § 31.

The use in the present case of a form of taking deposi-

tions which was not adapted to the situation, deprived the defendant of his seasonably asserted right of oral cross-examination. *Cole* v. *Hall*, 131 Mass. 88, 90. See also *Hunt* v. *Lowell Gas Light Co.* 1 Allen, 343, 348; *Fuller* ·v. *Damon*, 135 Mass. 586.

*Exceptions sustained.*