## H. C. HANKINSON *et al.*, Appellants, *v.* BENJAMIN LOMBARD, Appellee.

### APPEAL FROM PEORIA COUNTY COURT.

If a party gives notice of the taking of several depositions in different places, on the same day, so that the opposing party cannot be present to cross-examine all the witnesses, he may select which examination he will attend, and the other depositions will be suppressed.

The question of authority reposed in an agent, is for the jury to pass upon.

THIS is an action of assumpsit brought to the August term, A. D. 1859, of the County Court of Peoria county, by appellee against appellants, as indorsers of a note.

The declaration contains one special count in the common form, with averment that at the maturity of said note, and at all times since, said Mulford was, and yet is, a non-resident of Illinois, and without said State, so that process could not be served on him. There is also a count for money had and received.

The pleas were, the general issue; non est factum, sworn to by defendants; that said Mulford was not a non-resident, etc.; and that said Mulford was not without the State, as in said declaration alleged.

Issue was joined on all said pleas.

Motion by defendants to suppress depositions of Stewart and Lombard. Overruled.

Agreement that notice to Freeman for taking of depositions was sufficient.

Trial by jury at March term, 1860. Verdict for plaintiffs March 29, 1860. Motion for new trial. Motion overruled. Appeal prayed.

Bill of exceptions, filed October 24th, 1859, shows that defendants moved to suppress depositions of John C. Stewart and Isaac G. Lombard, because, among other reasons, the same time was set to take deposition of Lombard as of Stewart, and at a different and distant point. That defendants were present to cross-examine Stewart, and thus prevented from attending to cross-examine Lombard, as shown by affidavit.

The other facts are stated in the opinion.

J. K. COOPER, for Appellants.

M. WILLIAMSON, for Appellee.

WALKER, J.    The first question in this case, which we propose to consider, is, whether the court below erred in refusing to suppress the deposition of Isaac G. Lombard.    It appears from this record that plaintiff below served a notice on defendant's attorney, that he would, on the fourteenth day of September, 1859, take the deposition of John C. Stewart, at the town of Galesburg, in Knox county, and of Isaac G. Lombard, in the town of Henry, in the county of Marshall, at the same hour of the same day.    That one of the defendants attended at the time and place named, and cross-examined the witness Stewart.    And this defendant swears that if the deposition of Stewart had not been taken at the time it was, he should have attended for the purpose of cross-examining Lombard, but that he was unable to attend at both places, and that it was not convenient to procure the services of another person to attend to cross-examine Lombard.    It also appears that Galesburg is fifty-five miles from the city of Peoria, and Henry is forty miles from the same place ; by a direct line from one point to the other, it is about eighty miles.

The 10th section of the act regulating evidence, (Scates' Comp. 257,) provides, that upon filing a satisfactory affidavit, the party may take the deposition of a material witness residing in a different county from that in which the suit is pending, after having given at least ten days' notice to the opposite party, and one day in addition (Sundays excepted), for every thirty miles travel, etc.    It is apparent, that it was the design of the law, that the opposite party should have ample notice, that he might attend when any deposition should be taken.    If the opposite party may give notice to take the depositions of different witnesses, at various places, on the same day, and no objection could be allowed, the design of the law would thus be defeated, as his right of cross-examination would be destroyed.    This enactment, like all others, must be so interpreted as to effectuate the design of the law makers.    Any practice, therefore, which would deprive the opposite party of the right of cross-examination, which the law has secured to him, cannot be sanctioned, although apparently within the letter of the law.    As the defendant could attend at but one of these places, at the time designated, it follows that he might elect which it should be, and have the other sup-

pressed. The court therefore erred in not suppressing Lombard's deposition.

It is, however, urged, that notwithstanding the notice was insufficient, the party might afterwards proceed to cross-examine the witness. We are aware of no such practice, and are not disposed to adopt it in our courts. It is opposed, we think, to the spirit if not the letter of the statute, which requires a sufficient notice to enable the party to attend. If the notice is sufficient, then the deposition is well taken; but if insufficient, as we have seen that it was, the deposition on a proper motion should be suppressed. An insufficient notice is the same as if none were given, and no authority exists but that contained in the statute, to take a deposition in a case at law, and to render it available, the requirements of the statute must be complied with in every essential part.

It is insisted that the judgment should not be reversed, as Stewart's evidence was sufficient without Lombard's. This evidently was not the view taken of it, by appellant on the trial below, or he would not have introduced it in evidence. We are not able to determine what weight the jury gave to this evidence. It was certainly much more clear, explicit and satisfactory, on the question of non-residence than was Stewart's. We are not prepared to say that the jury would inevitably have found as they did, independently of Lombard's evidence.

The question of Milcham's agency and authority to indorse the note, was one of fact, and for the jury alone to determine. The evidence tends to show that he was the general agent of payees, and that as such he made the assignment, and that they ratified it when informed of the fact. The jury were the judges of the weight proper to be given to the evidence, and we have no disposition to find fault with the conclusion at which they have arrived on this question.

For the error in overruling the motion to suppress Lombard's deposition, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*