UHLE *et al.* v. BURNHAM *et al.*

(*Circuit Court, S. D. New York.* December 31, 1890.)

1. DEPOSITION—MOTION TO SUPPRESS—WAIVER OF OBJECTIONS.
    Failure to make a timely motion to suppress a deposition is a waiver of any objection as to the manner of taking it.
2. SAME—NOTICE OF TAKING.
    Notice under Rev. St. U. S. § 863, that plaintiff will proceed to take depositions of certain witnesses in three different cities on the same day, is not such reasonable notice as the statute requires, and such depositions should be suppressed.
3. SAME.
    Where defendants' counsel appears and objects to the taking of the depositions on the ground that the notice is unreasonable, the fact that he afterwards proceeded to cross-examine the witnesses is not a waiver of the objection.
4. SAME.
    It is not an answer to a motion to suppress such depositions that defendants have given a similar notice of intention to take depositions.

At Law. For motion to remand, see 42 Fed. Rep. 1.

*Charles Putzel*, for plaintiffs.

*Elihu Root*, for defendant.

LACOMBE, Circuit Judge. As this case will be on the trial calendar for January 5th, and both sides are solicitous that the motions now under consideration be promptly disposed of, a brief memorandum is all that can be filed with this decision.

(a) The motion and the counter-motion for production on the trial of the books and papers of Jules Arbib & Co. were practically agreed to by both sides upon the argument. An order may be taken requiring both parties to produce, on the trial, all such books and papers which were in their possession, or under their control, at the time of the service of notices of these motions, or which have since come into their possession or under their control.

(b) The motion to suppress depositions. No such motion is made as to the depositions of the witnesses examined in Kansas City, nor as to one of the witnesses (Charles Nechter) examined at Chicago. By not making a timely motion to suppress; the defendants must be deemed to have waived any objections to the manner of taking the testimony of those witnesses. Motion is made, however, as to the other Chicago witness, (Pilotte,) and as to the deposition taken in St. Louis. It appears that, on November 24th, plaintiffs' counsel served a notice under section 863, Rev. St. U. S., that he would, on November 29th, proceed to take the depositions of certain witnesses at St. Louis, Mo., and would also, on the same day, proceed to take the depositions of certain other witnesses at Chicago, Ill. Under the same section he also gave notice, on November 24th, that he would proceed to take the depositions of various witnesses at Kansas City, Mo., on November 28th. On the last-named day the examination of witnesses was begun in Kansas City, and such examination was actually in progress on November 29th; in fact, it was not completed till some time subsequent to December 6th. Motion to suppress the depositions taken at Chicago and St. Louis is now made, upon the ground that, under the circumstances, no such reasonable notice as the statute requires was given. The motion should be granted. The practice pursued was wholly irregular. The method of taking testimony by deposition, allowed by section 863, is a convenient one; and when, for any reason, greater elasticity in conducting an examination than would be possible under a commission with written interrogatories is desired, it is a useful substitute for the latter mode. But it was never intended by the framers of that section that a party might be able to compel his adversary, perhaps at enormous cost, to retain and fully instruct separate counsel in a dozen different cities. Moreover, his personal presence might well be necessary to secure, by suggestions to his counsel, such proper cross-examination as would prevent a failure of justice. Nor could he, in many cases, determine, in advance of the direct examination, in which one of a dozen different places his personal attendance might be most required. The party taking such simultane-

ous depositions would not necessarily experience the same embarrassment, for, by means of carefully prepared written questions, he might safely intrust the examination to clerks, or even to the officer taking the deposition. Such a practice should not be sanctioned by the court; it would be unreasonable, and grossly oppressive. Whoever seeks to avail of the provisions of section 863 must so regulate his notice that the opposite party and his counsel may be able to attend, at the place and time named, entirely unhampered by other engagements which he himself has imposed upon them. The defendants have not waived the objection. Both at St. Louis and at Chicago they appeared by counsel specially retained for the purpose, and objected upon the express ground that the notice given was unreasonable. That thereafter such counsel endeavored, as best he could, to cross-examine is immaterial. The plaintiffs' counsel was duly notified that his practice was irregular before he began to take the testimony, and if he persisted in going on, in the face of the objection, he did so at his own risk. None of the cases cited by the plaintiffs' counsel sustain his contention that the objection was waived by cross-examination, because in none of them was the objection specifically taken before the direct examination began. Moreover, in many of them the objections were technical, and dealt with matters of mere form; the objection here taken is substantial and fundamental. Nor is it a sufficient answer to this motion that the defendants have themselves given a similar notice for taking the depositions of witnesses in Kansas City and in Louisville, Ky., on December 29th and 31st, respectively. It will be time enough to deal with those depositions when they reach here. If the examination in the one place should continue so long as to make it unreasonable to expect the same counsel and the same party to attend to the other, then the defendants' practice will be as irregular as the plaintiffs' has been, and upon proper objection and motion their testimony will probably share the same fate as that of their adversaries.

(*c*) The motion to be relieved from the stipulation to try the case on January 5th is more difficult to dispose of. The conflicting affidavits of both sides are numerous and lengthy. One of the plaintiffs is here from Saxony waiting for the trial, and it will undoubtedly be a hardship to him to allow a further postponement. It is to be borne in mind, however, that apparently the great bulk of the testimony is to be taken outside of this city,—a fact which must have been known to his counsel from the beginning of the case; and that, although issue was joined in February, the motion to remand to the state court decided in May, and note of issue for the October term was filed in September, no steps were taken by the plaintiffs to secure any of this testimony until the latter part of November, except the issuing of a commission to Bremen, which was evidently intended to obtain evidence of no special moment, as the plaintiffs' counsel felt able to press for trial on December 5th, without waiting for its return. Had the testimony of the Missouri witnesses been taken a month earlier, the various matters, now the subject of discussion, would have been presented to the court sooner, or the de-

fendants' laches in presenting their side of the case would be more apparent. In view, therefore, of the fact that when the case was first reached for trial the defendants were under a stay, (till the return of the Bremen commission;) that their counsel was then actually engaged; and that the voluminous Kansas City depositions were then being taken, presumably requiring the attendance of party as well as counsel,—I am inclined to grant the motion to relieve the defendants from the stipulation, leaving the trial judge, when the case next appears on the day calendar, to make such disposition of it as a just regard for the rights of both parties may then suggest.

(d) The motion to amend the answer. Under the pleadings as they stand, the defendant seems to be sufficiently protected, except possibly as to the defense of payment. If the plaintiffs on the trial show sales (and contracts for sale) of their goods to the defendants, through Jules Arbib & Co. and Auffmord & Co., as mere selling agents, and it further appears that the defendants were chargeable with knowledge that these firms were such agents only, then it would seem that they should have availed of that knowledge earlier in preparing their defense, and should not have waited so long before moving to amend. If they were not so chargeable, or if from the complaint taken, in connection with the transactions which form the subject-matter of the action, they were fairly warranted in assuming that it was not for the purchases from those firms that they were called upon to account, the court can, upon the trial, allow such amendment as will enable them to show that those purchases were paid for. In order, therefore, that an amendment at this stage of the case may not be availed of as an excuse for further postponement, I shall deny the motion without prejudice to its renewal on the trial should the evidence warrant it, and without prejudice to its renewal as a chambers motion should there be a further adjournment of the trial.