## HORTON v. BIRDSONG.

No. 2099.     Opinion Filed January 7, 1913.

(129 Pac. 701.)

**BILLS AND NOTES—Conditional Delivery.** A promissory note may be delivered conditionally, and this may be accomplished by delivery to the payee himself, with proper instructions in relation to the condition.

(Syllabus by the Court.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by J. W. Birdsong against S. A. Horton. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Roy F. Ford,* for plaintiff in error.

*Snyder, Owen & Lybrand,* for defendant in error.

KANE, J. This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial there was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

The uncontradicted evidence shows that the note was executed by the maker at Oklahoma City, and forwarded to the payee at Greenville, Tex., by mail; that accompanying the note was a bill of sale, as follows:

"I hereby, for valuable consideration, transfer to S. A. Horton all my right, title and interest that I have in the Queen City Oil & Mining Company, and the Oklahoma City Oil Company by reason of investments made for me by said Horton, the consideration being the repayment to me the amount expended for me as evidenced by his promissory note of November 18, 1905, which said note and promise to pay shall constitute a complete settlement between the said Horton and myself."

Written across the back of the letter forwarded with the bill of sale was the following:

"Sign the transfer I inclose; this will let you out. Since I have to pay my obligations, I am going to insist that the well be finished and believe that I will come out all right; yet, in the present shape we will likely have considerable trouble before we get it wound up."

In answer to the question, "Did you offer to deliver the bill of sale, properly signed, before the note became due?" Mr. Birdsong replied, "I did not." A great portion of the evidence taken at the trial relates to a certain business transaction between the plaintiff and defendant, which transaction led up to and culminated in the execution of the note, but, as this is an action upon the note, we do not consider any of that evidence material. It seems too clear for controversy that the note delivered was upon the express condition that the payee should sign and return the bill of sale which accompanied it before the note became effective as such, and that his failure to do so constituted a valid defense to an action upon the note.

It is a settled principle of law that a promissory note may be delivered by the maker to the payee upon condition. *Tovera v. Parker et al., ante,* 128 Pac. 101. The general rule is stated in 4 Am. & Eng. Enc. of Law, p. 204, as follows:

"Bills and notes may be delivered to take effect not at all events, but conditionally upon the happening of a future contingency, and this may be accomplished either by a formal delivery in escrow into the hands of a third person for the promisee, or by delivery to the promisee himself in the nature of an escrow, the intervention of a third person not being absolutely necessary, according to the better doctrine, to make the transfer in effect conditional."

As the note in controversy was delivered to the payee upon condition that he sign the bill of sale accompanying it and return the same to the maker of the note, and the condition was not complied with, it follows that it was error for the court to enter judgment upon the note against the defendant.

The judgment is therefore reversed, and the cause remanded, with directions to proceed in accordance with this opinion.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.