## COLONIAL JEWELRY CO. v. BROWN *et al.*

No. 2670.　Opinion Filed April 22, 1913.

(131 Pac. 1077.)

**EVIDENCE—Parol—Contracts.** Evidence offered for the purpose of
showing that a written instrument was delivered conditionally
does not constitute contradicting or varying a written instru-
ment by parol.　Such evidence does not tend to show any
modification or alteration of the written agreement, but that it
never became operative, and that its obligation never com-
menced.　A written contract must be in force to make it sub-
ject to the parol- evidence rule.

(Syllabus by the Court.)

*Error from County Court; Pontotoc County;*
*Conway O. Barton, Judge.*

Action by the Colonial Jewelry Company against J. W.
Brown and another, doing business under the firm name of
Brown & Johnson.　Judgment for defendants, and plaintiff
brings error. Affirmed.

*Thomas P. Holt,* for plaintiff in error.
*I. M. King* and *J. W. Dean,* for defendants in error.

KANE, J.　This was an action commenced by the plaintiff
in error, plaintiff below, against the defendants in error, de-
fendants below, upon a jewelry contract or order.　At the com-
mencement of the action, an order of attachment was issued
upon an affidavit of the plaintiff, to the effect that the defend-
ants were attempting to dispose of and otherwise conceal their
property with intent to hinder and delay plaintiff in collecting
its debt, and was otherwise violating the Bulk Sales Law of
the state of Oklahoma, Comp. Laws 1909, secs. 7908-7910 (Rev.
Laws 1910, secs. 2903-2905).　The defendants admitted the
execution of the contract sued upon, but alleged that the same
was placed in the hands of the defendants under an agreement,

whereby it was not to become effective until five days after its execution, during which time the defendants were at liberty to cancel the order. They further alleged that the goods were shipped before the expiration of the five days, notwithstanding the defendants in the meantime had notified the plaintiff that they did not want the goods described in the order, and requested it to cancel the same. They further alleged that they had in no way violated the Bulk Sales Law of the state of Oklahoma, and that no grounds for attachment existed, and that by reason of the wrongful suing out of the same they had been damaged in the sum of $500. Upon a trial to a jury upon the merits, a verdict was returned for the defendants in the sum of $100 and the dissolution of the attachment, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error presents his grounds for reversal under three heads, as follows:

"(1) The trial court erred when it permitted defendants to introduce parol evidence to contradict and vary the terms of a written contract, by which evidence a verbal agreement was shown different from the written, but not incorporated therein, and made prior to and contemporaneous with the written instrument. (2) The trial court erred in giving the instructions that were given. (3) The trial court erred in refusing to give the special instructions asked for by the plaintiff."

Counsel states his position in his brief in effect as follows:

When defendants signed the contract sued upon, the same became and was a binding obligation, and was not subject to countermand, especially after the order had been received and the goods delivered to an express company for delivery to defendants as per order; and defendants are estopped from setting up a different verbal agreement made prior to and contemporaneous with the written contract, whereby the contract was not to take effect until the member of the partnership who signed the same could see the other partner and discuss with him the deal, and parol testimony tending to prove said

agreement was unquestionably inadmissible, and this one proposition involves the whole case.

We do not understand that evidence offered for the purpose of showing that a written instrument was delivered conditionally constitutes contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule.

Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. *Tovera v. Parker,* 34 Okla. 74, 128 Pac. 101; *Horton v. Birdsong,* 35 Okla. 275, 129 Pac. 701. In *Lyons v. Stills,* 97 Tenn. 514, 37 S. W. 280, it was held:

"When an unconditional note is given for the purchase of certain property, parol evidence is admissible to show an option on the part of the purchaser to rescind the sale within a certain time, as this does not contradict the note, but sets up an independent agreement made at the same time, that upon a condition or contingency the note was to become void."

Mr. Joyce in his Defenses to Commercial Paper (section 312) makes the distinction between the two classes of cases very clear:

"No rule is more elementary than that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument. This is not to vary or contradict a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

As the instructions refused and given are objected to upon the theory that the first contention of plaintiff in error

is correct, what we have already said disposes of such assignments of error. Counsel for plaintiff in error in conclusion says that "we submit there was no evidence to sustain a verdict of $100 against plaintiff for the wrongful suing out of said attachment." We have examined the evidence, and are of the opinion that it reasonably tends to support the verdict of the jury.

The judgment of the court below is therefore affirmed. All the Justices concur.