GILLIS *et al.* v. FIRST NAT. BANK OF FREDERICK.

No. 4212.   Opinion Filed May 11, 1915.

(148 Pac. 994.)

1. **DEPOSITIONS—Suppression on Motion—Time and Place of Taking.** Where notices are served to take depositions at two or more different places on the same day, the party on whom the service is made may attend at either place he chooses and disregard the other notices, and the depositions taken at the same time at the other places where he does not attend should be suppressed on motion.

2. **SAME—Presence of Adverse Party.** The party adverse to the one taking the depositions has a right, if he chooses, to be personally present at the taking of any depositions pursuant to a notice as provided by section 5079, Rev. Laws 1910.

3. **BANKS AND BANKING—Promise of Cashier—Binding Effect.** A bank cashier has no authority, as such, to bind the bank by a promise made to a person executing a note to the bank that the maker will not be required to pay said note.

4. **APPEAL AND ERROR—Harmless Error—Instructions.** Where error is alleged in giving certain instructions which submitted a question to the jury that was not properly an issue in the case, and where under any view of the evidence defendants were not entitled to recover, the giving of said instructions will not effect a reversal of a case.

5. **SAME—Harmless Error—Admission of Evidence** The admission of evidence tending to prove want of authority in the cashier of a bank to make a certain agreement, where no such authority existed as a matter of law, was harmless.

(Syllabus by the Court.)

*Error from the County Court, Tillman County;*
*T. E. Campbell, Judge.*

Action by the First National Bank of Frederick, Okla., a corporation, against J. Angus Gillis and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Wilson & Roe,* for plaintiffs in error.

*Mounts & Davis, H. P. McGuire,* and *Gray & McVay,* for defendant in error.

HARDY, J. This is an action upon a promissory note executed by the plaintiffs in error to the defendant in error. The defendant in error had judgment in the court below, and plaintiffs in error appeal. The execution of the note by the defendants is admitted in the answer, but it is alleged that same was without consideration and was executed upon the representations of the cashier of the plaintiff bank that they would not be called upon to pay the same, and that some time about April, 1910, defendants assigned to plaintiff certain stock in the Oklahoma National Life Insurance Company in full settlement and payment of the note.

Prior to the commencement of the trial plaintiffs in error moved to suppress the deposition of C. B. McHugh and Wm. McCaleb, taken on behalf of defendant in error, which was overruled by the court. This motion should have been sustained. Notice was served upon defendants by plaintiff that depositions of witnesses would be taken at five different places distant from each other on the same day, one of the places being in the city of Astoria, in the county of Fulton, state of Illinois, one at Long Beach, Los Angeles county, Cal., one at Wheatland, Wyo., one at Colorado Springs, Colo., and one at Memphis, Tex. Defendants elected to attend the taking of the depositions at Astoria, Ill., and had their attorney to be

present at the taking thereof. The deposition of Wm. McCaleb was taken at Memphis, Hall county, Tex., and the deposition of C. B. McHugh was taken at Long Beach, Los Angeles county, Cal.

The question is presented whether or not depositions so taken may be read in evidence over the objection of the adverse party. Section 5079, Rev. Laws 1910, provides:

"Notice shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, * * * one day for preparation, exclusive of Sunday, and the day of service; and the examination may, if so stated in the notice, be adjourned from day to day."

It certainly was not the intention of the Legislature, by this section, to permit the service of two or more notices to take depositions at places widely apart from each other, on the same day. The taking of testimony is in a sense a part of the trial, and the opposing party has the right to confront the witnesses whose depositions are taken under the notice, and to have his counsel present to aid in the examination thereof. Any other construction would require him to employ a multitude of attorneys to protect his interests at the different places on the same day. A reasonable construction of the statute, in the light of its evident purpose, would seem to be that a party giving notice to take depositions at different places should so arrange the times as to allow the adverse party to attend each one, and that sufficient time must elapse after the conclusion of the taking of one deposition to allow the party at least time sufficient to reach the place where another is to be commenced. *Evans, Sheriff, et al. v. Rothschild et al.*, 54 Kan. 747, 39 Pac. 701; *Fant v. Miller*, 17 Grat. (Va.) 187; *Uhle v. Burnham*, 44 Fed. 729; *Hankinson v. Lombard*, 25 Ill. 572, 79 Am. Dec. 348; *Cole v. Hall*, 131 Mass. 88.

The action of the court in giving instructions Nos. 5, 8, and 9 is complained of. These instructions submit to the jury the question as to whether the cashier had authority to enter into an agreement with the makers of the note at the time the same was executed that they would not have to pay it; while instruction No. 9 also submits to the jury the question as to whether or not the stock of the Oklahoma National Life Insurance Company had been accepted by the cashier in payment and satisfaction of the note, and also submits the question of his authority so to do.

At the outset we are confronted with this proposition: Whether or not, taking all of the evidence offered on behalf of defendants, under any view of the case, they would be entitled to urge as a defense therein the alleged agreement with the cashier that they would not have to pay the note.

We shall consider instructions Nos. 5 and 8 together, which submit to the jury the question as to whether or not the cashier had the authority to make such an agreement with the defendants at the time the note was executed. The cashier had no such authority, and this question was not properly in the case, and the defendants had no right to have same submitted to the jury upon any theory; and the giving of the instructions cannot be complained of. Section 942, Rev. Laws 1910, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its subject-matter, which preceded or accompanied the execution of the instrument."

By this section it is provided that, where a contract is reduced to writing, the writing itself is the evidence of the agreement of the parties, and that all oral negotiations or stipulations concerning the subject-matter which occurred prior to the execution of the writing are super--

seded by it, and oral evidence cannot be given to contradict the writing thus executed. It is a very general rule that a negotiable promissory note comes within the language of this statute, and, when once executed, parties will not be permitted to show, by parol testimony, that an agreement was had with the payee or holder of such paper not to enforce payment against the person or persons liable thereunder. *Thisler et al. v. Mackey,* 65 Kan. 464, 70 Pac. 334; 17 Cyc. 589. And it is well established that a bank cashier or president has no authority to promise a person executing a note to the bank that the maker will not be required to pay the note, and such a promise, if made, is not binding upon the bank. *Bank v. Bank,* 1 Biss. 146, Fed. Cas. No. 12,309; *Mead v. Pettigrew,* 11 S. D. 529, 78 N. W. 945; *Thompson v. McKee,* 5 Dak. 172, 37 N. W. 367; *Bank v. Hart,* 37 Neb. 197, 55 N. W. 631, 20 L. R. A. 780, 40 Am. St. Rep. 479; *Bank v. Foote,* 12 Utah, 157, 42 Pac. 205; *Kennedy v. Bank,* 7 Neb. 59; *Bank v. Tisdale,* 18 Hun (N. Y.) 157; *Davis v. Randall,* 115 Mass. 547, 15 Am. Rep. 146; *Loomis v. Fay,* 24 Vt. 240; *Bank v. Dunn,* 6 Pet. 51, 8 L. Ed. 316.

Under these authorities the agreement, even if made, would not be of any binding force, and could not be urged as a defense to an action on the note, and the court having submitted it, even though the instructions were erroneous, the defendants cannot complain; and we cannot reverse this cause for alleged error in giving said instructions, for the reason that in so doing the defendants were not prejudiced. Rev. Laws 1910, section 6005.

The objections to instruction No. 9 present substantially the same questions that are urged in criticism of instructions Nos. 5 and 8. In No. 9 the court in effect told the jury that if the cashier accepted an assignment of the insurance stock in satisfaction of the note sued on, that if he had such authority, still he would only have

such authority on condition that the claim was doubtful, and that the burden of proof to establish such authority and also to establish that the claim was doubtful was on the defendants. In their brief counsel do not claim that this transaction was a settlement of a pre-existing indebtedness by the assignment of the stock, but urge that the stock was a fundamental part of the original transaction, and was a moving cause for the execution of the note, and that there would not have been any indebtedness or apparent indebtedness to the bank except for the agreement involving the stock; and the criticisms of the instructions are based upon this position. This view of counsel eliminates from our consideration the question as to whether or not the cashier had the authority, under the facts of this case, to accept an assignment of the stock in payment of a pre-existing indebtedness, and leaves only the questions already considered under the objections to instructions Nos. 5 and 8.

We have already determined that the cashier had no authority to make such an agreement, and, having so determined, the question of error in the instruction submitting the issue cannot be complained of, because the defendants had no right to have this question submitted to the jury upon any theory.

In the ninth assignment of error complaint is made of the action of the court in admitting certain evidence, all of which went to the question of the authority of the cashier to make the agreement alleged by defendants to have been, made at the time the note was executed. In the view we take of the case this evidence was wholly irrelevant to any issue that might be lawfully inquired into, but inasmuch as it only went to prove that the cashier had no authority to execute the agreement relied upon by defendants, in view of our conclusion that as a matter of law no such authority existed, the admission

of this evidence would be harmless, and defendants could not be heard to complain by reason thereof, because no prejudice could have resulted to them and none did result from the admission of this evidence.

The testimony in the depositions which defendants sought to suppress also goes to the same point, and while the court committed error in overruling the motion to suppress, yet the admission of this evidence was harmless; and, seeing no prejudicial error in the record, the judgment of the trial court is, therefore, affirmed.

All the Justices concur.