## HEATH et al. v. BURNHAM-MUNGER-ROOT DRY GOODS CO.

No. 9493—Opinion Filed Dec. 17, 1918.

Rehearing Denied Jan. 21, 1919.

(177 Pac. 606.)

### Escrows—Possession of Instrument—Title.

Where the delivery of an escrow is made to depend upon the performance of certain conditions, consent is withheld until such performance has been performed, and, if the payee in a note so placed in escrow obtains possession of the same before performance of said condition, he acquires no title thereby.

(Syllabus by Hooker, C.)

Error from District Court, Mayes County; Preston S. Davis, Judge.

Suit by the Burnham-Munger-Root Dry Goods Company against Daisy B. Heath and another.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded for a new trial.

William T. Rye and Willard H. Voyles, for plaintiffs in error.

W. H. Kornegay, for defendant in error.

Opinion by HOOKER, C.  The Reese Mercantile Company, a corporation, was engaged in the mercantile business at Strang, Okla.  The plaintiffs in error and three others were stockholders in the corporation, and for several months next before June, 1913, dissensions arose among the stockholders and the corporation became in a bad financial condition.  About that time a collector for the defendant in error, to whom the corporation was indebted, as evidenced by certain promissory notes of the corporations, visited the town of Strang for the purpose of adjusting the indebtedness due his company by the said corporation, and while he was there certain negotiations took place between certain of the stockholders and the plaintiffs in error, as a result of which the plaintiffs in error attempted to buy the assets of the corporation in order that the business might be conducted, its debts paid, and all outstanding matters adjusted.

The plaintiffs in error individually were solvent, and their indorsement upon notes of the corporation was sought by the creditors, and on or about the 3d day of June, 1913, the plaintiffs in error, believing that they had matters in such shape that they could purchase the assets of the corporation, entered into an agreement with the collector of the defendants in error, whereby they were to take up the old notes of the corporation thus held by his company, and in lieu thereof deliver to him the new notes of the corporation indorsed by them as individuals; but there was some uncertainty as to this deal being closed, so on the date aforesaid the following agreement was made between said parties:

"This agreement made this third day of June, 1913, witnesseth:

"Whereas, the Reese Mercantile Company is indebted to the Burnham-Munger-Root Dry Goods Company as evidenced by seven notes of date 2—13, 1913, aggregating $1,055.38; six of said notes being in amount $150.00 each, due respectively April 15th, May 1st, May 15th, June 1st, June 15th, July 1st, and one note in amount $155.38 due July 15th, all of said notes being executed Reese Mercantile Company by Burt Young, Sec., and the first four named and described of said notes having been defaulted in the payment thereof and still remain due and unpaid and the said Reese Mercantile Company being desirous of obtaining an extension of the time for payment of all of the said notes due or not due, it is agreed that the said notes will by the holders thereof be deposited in escrow and they the said notes are herewith deposited in escrow with the First State Bank of Strang, Oklahoma. upon condition that concurrent with the said deposit of the foregoing notes with the said bank by Burnham-Munger-Root Dry Goods Company, the said Reese Mercantile Company will cause to be executed and deposited with the First State Bank of Strang, Okla., seven new notes of date June 3, 1913, in amount aggregating $1,055.38.

"Said notes to become due and payable as follows: Sept. 1st, Sept. 15th, Oct. 1st, Oct. 15th, Nov. 1st, Nov. 15th, Dec. 1st, the latter note being in amount $155.38 said last described and named notes are to be executed by the Reese Mercantile Company by its duly authorized officers and in addition in consideration of the extension of time for payment and all of the promises named herein are to be executed by F. C. Heath and Daisy Heath individually. All of said notes herein mentioned and set forth are to remain in escrow in said Bank for a period of fifteen days from this date pending consummation of a certain contract for the sale of the said merchandise by the said Reese Mercantile Company to one Flood. Now if the sale to the said Flood is consum-

mated, then the first series of notes described herein are to be canceled by the said bank and delivered to the makers thereof, and thereupon the second described series of notes, executed this date, are to pass to the payee thereof, and to be delivered to said payee by the said bank. If, however, the said sale to Flood is not consummated within fifteen days from this date the first series of notes described herein are to remain in full force and effect and be returned to the original payee thereof by the said bank not later than June 20th, 1913, and the second described and named series of notes thereupon be returned to the makers thereof and be held for naught. Burnham-Munger-Root Dry Goods Company, by C. R. Bernard, Agent. Reese Mercantile Co., by F. C. Heath, V. P. F. C. Heath. Daisy B. Heath. Mrs. Frank C. Heath, Treas."

It appears that the man Flood, whose name is mentioned in this agreement above quoted, was acting as the agent for the plaintiffs in error. At the same time this agreement was executed, a bill of sale was made in conformity with this agreement to said Flood, by the terms of which the Reese Mercantile Company, in consideration of $5,519.55, sold to said Flood its entire assets, and at the same time and as a part of the same transaction Flood executed a bill of sale for the same consideration to said property to Frank C. Heath and Daisy Heath, the plaintiffs in error.

At the expiration of 15 days as contemplated by the agreement between these parties, this matter was not in shape to be closed; but a few days before the 26th day of June the collector for the defendant in error testifies that he was notified by plaintiffs in error to come to Strang, Okla., and that this matter could be closed. And he further testifies that, on or about the 26th day of June, he came to said place, and that in company with Frank C. Heath he went to the bank where these notes were deposited in escrow, and the papers were delivered by the bank to them, the old notes taken by Heath, and the new notes delivered to him, which were in turn forwarded by him to his company in Kansas City.

It further appears that on the 26th day of June, 1913, certain stockholders of the Reese Mercantile Company, who refused to consent to a sale of this property by the company to Flood, filed a petition in the district court of Mayes county asking for the appointment of a receiver, which receiver was appointed on the 1st day of July, and thereafter a petition in bankruptcy was filed by the Reese Mercantile Company and its assets liquidated in the bankruptcy court. The defendant in error filed its claim against the company and received its pro rata part from the

assets and credited the same upon these notes thus executed by the company and the plaintiffs' in error, and instituted this suit to recover the balance thereof against the plaintiffs in error in this action.

To the petition the plaintiffs in error filed an answer, which consisted of a general denial, a plea of no consideration and a further defense that said notes were executed by them under a contract made with the plaintiff below, whereby it was agreed that should said defendants succeed in purchasing the stock of merchandise of the Reese Mercantile Company at private sale under certain terms and negotiations, then in that event these notes were to be delivered to the company, and that said defendants stand bound and obligated to pay the same.

They further alleged that said notes, by mutual consent, were deposited in the First State Bank to be held in escrow pending these negotiations, and under the condition that they were to become in no wise notes of any of them unless said negotiations were consummated; that said negotiations were never consummated for the reason stated above; and that said notes were delivered to the plaintiffs without authority, without right, and without their consent.

To this a reply was filed, and the cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff and against the defendants.

We have carefully considered the assignments of error urged here. Under this evidence we are forced to the opinion that these notes sued upon in this action were executed and placed in escrow to be delivered to the plaintiffs in error upon the performance of a condition which was never consummated. The evidence here unquestionably indicates that at the time these notes were executed there was a distinct, positive agreement and understanding in the minds of all the parties that these notes were not to be delivered unless the plaintiffs in error or their agent acquired possession of this stock of goods.

The evidence further justifies the conclusion that, so far as the plaintiffs in error were concerned, the execution and the delivery of these notes, even conceding that Frank C. Heath delivered the same to the agent of the defendant in error, were without consideration, and the plaintiffs in error received no consideration whatever for their execution.

This court, in the early case of Powers v. Rude, 14 Okla. 381, 79 Pac. 89, said:

"Delivery of an escrow, to be valid, must

be with the consent of the grantor. If its delivery is made to depend upon the performance of certain conditions, his consent is withheld until such performance.

"When a deed is delivered merely as an escrow, to be delivered upon the performance of certain conditions, it is, until such performance, a mere scroll; and, if the grantee obtains possession of the deed before the performance of the conditions, he acquires no title thereby."

This court, in the early case of Powers v. Birdsong, 35 Okla. 275, 129 Pac. 701, L. R. A. 1916B, 1048, said:

"A promissory note may be delivered conditionally and this may be accomplished by delivery to the payee himself, with proper instructions in relation to the condition."

And in the body of the opinion it is stated:

"It is a settled principle of law that a promissory note may be delivered by the maker to the payee upon condition. Tovera v. Parker et al. ante [35 Okla. 74]. 128 Pac. 101. The general rule is stated in 4 Am. & Eng. Enc. of Law, 204, as follows:

" 'Bills and notes may be delivered to take effect not at all events, but conditionally upon the happening of a future contingency, and this may be accomplished either by a formal delivery in escrow into the hands of a third person for the promisee, or by delivery to the promisee himself in the nature of an escrow, the intervention of a third person not being absolutely necessary, according to the better doctrine, to make the transfer in effect conditional.'

"As the note in controversy was delivered to the payee upon condition that he sign the bill of sale accompanying it and return the same to the maker of the note, and the condition was not complied with, it follows that it was error for the court to enter judgment upon the note against the defendant."

And in Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622, this court said:

"No title will pass by a deed which is not delivered by the grantor or some one duly authorized by him.

"Where possession of an escrow is obtained, without performance of the condition upon which a delivery to the grantee was to be made, no title passes."

Applying the principle announced in these cases to the facts in the instant case, we must hold that under the evidence that condition was never performed which was contemplated by the pleadings should be consummated before the notes were to be delivered or there was any consideration for

the execution by the plaintiffs in error therefor.

The judgment of the lower court is therefore reversed; and this cause remanded for a new trial.

By the Court: It is so ordered.