LEDFORD v. HUGGANS et al.

No. 11105—Opinion Filed March 13, 1923.

Rehearing Denied May 1. 1923.

(Syllabus.)

1. **Appeal and Error—Review — General Findings—Conclusiveness.**

A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury.

2. **Evidence—Parol Evidence—Writings.**

A note absolute in form may be shown by parol evidence to have been given as indemnity.

3. **Bills and Notes—Note Given as Indemnity—Accrual of Cause of Action.**

Where a note absolute in form is given as indemnity, no cause of action accrues until there has been a breach of the indemnifying agreement.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by J. E. Ledford against F. L. Huggans and another on note and mortgage. Judgment for defendants, and plaintiff brings error. Affirmed.

Harry Seaton, for plaintiff in error.

Lee Battenfield and Leahy & Brewster, for defendants in error.

COCHRAN, J. This action was commenced by plaintiff in error, hereinafter referred to as plaintiff, against the defendants in error, hereinafter referred to as defendants, to recover on a promissory note in the sum of $2,305, and for foreclosure of a real estate mortgage. The defendants answered that the note and mortgage were executed, but were not in truth and in fact unconditional contracts to pay money, but were executed for the purpose of indemnifying the plaintiff against the payment of a certain mortgage to Maxwell & Maxwell, and binding them to pay the mortgage to Maxwell & Maxwell at its maturity; and alleged that the mortgage to Maxwell & Maxwell had not matured and that no liability had accrued on the indemnifying contract. The plaintiff denied these allegations and alleged that the note and mortgage were given as absolute and unconditional promises to pay the amount represented by them. The case was tried to the court without a jury and judgment rendered against the plaintiff. The plaintiff has prosecuted his appeal to this court, and contends that the judgment rendered is not supported by the evidence.

This case was a jury case, and in considering the same we are controlled by the rule announced in Barnett v. Barnett, 78 Okla. 249, 189 Pac. 743, as follows:

"A jury case having been tried to the court without a jury, a general findings by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury."

In Anicker v. Doyle et al., 84 Okla. 62, 202 Pac. 281, the court says:

"When the court tries both questions of law and fact in an action wherein the parties are entitled to a trial by jury, the judgment of the court stands in lieu of the verdict of the jury; on appeal this court will not weigh the evidence, but if there is any evidence reasonably tending to support the judgment of the trial court, its judgment will not be disturbed."

There is sufficient testimony in the record tending to show that the note and mortgage sued on were not executed and delivered as an unconditional promise to pay,

but were executed as indemnifying contracts. We are not unmindful of the testimony of the plaintiff wherein he stated that the land which was covered by the Maxwell & Maxwell mortgage had been sold to a third person who had taken it subject to this mortgage, and that the same had been deducted from the price he received in selling the property, and for that reason he had received approximately $2,300 less than he otherwise would have received for his property. These facts were before the trial court, however, and were, no doubt, considered by the trial court in determining whether the note and mortgage were unconditional promises to pay or for the purpose of indemnifying the plaintiff. That a note absolute in form may be shown by parol evidence to be given for an indemnity is well settled. Fernandex v. Tormey (Cal.) 53 Pac. 1119; Elliott on Contracts, sec. 4009; Horton v. Birdsong, 35 Okla. 275, 129 Pac. 701.

The trial court, having determined that the note and mortgage were given as indemnity, were justified in holding that no cause of action had accrued thereon, because there was no proof that the mortgage to Maxwell & Maxwell had matured, and that the action was prematurely brought. Oaks v. Scheiferly (Cal.) 16 Pac. 252; Peterson v. Creason (Ore.) 81 Pac. 574; Honaker v. Vasey (Neb.) 77 N. W. 1100.

The testimony disclosed that plaintiff had paid the sum of $132 to Maxwell & Maxwell as interest on its mortgage and this sum was tendered the plaintiff by the defendants as soon as it discovered in the trial of the case that such sum had been paid, but the tender was declined. The plaintiff now says that in any event the trial court should have rendered judgment in his favor against the defendants for the sum of $132. The evidence of the defendant tended to show that the agreement was that the Maxwell & Maxwell mortgage should be paid at its maturity. There is no evidence in the record showing that the mortgage had matured at the time the suit was brought, neither does the evidence disclose that the defendant agreed to pay the annual interest installments as they matured. Such being the condition of the record, we can not say that the court erred in failing to render judgment for the interest paid, especially in view of the fact that the attention of the trial court was not directed to this matter by the plaintiff.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.