## MAYES et al. v. FARMERS' BANK.

No. 13207—Opinion Filed March 18, 1924.

Rehearing Denied June 17, 1924.

Second Rehearing Denied Oct. 14, 1924.

(Syllabus.)

1. **Bills and Notes—Conditional Delivery of Note.**

A promissory note may be delivered conditionally, and this may be accomplished by delivery to the payee himself with proper instruction with relation to the condition.

2. **Same—Defense to Action on Note—Insufficiency of Allegations.**

In a suit on a note by the payee against certain indorsers thereon, allegations in their answer that they signed the same and delivered it to W. for the purpose of securing the signatures of additional indorsers and that the additional indorsers verbally agreed with the defendants that the defendants were not to be liable on said note in case a mine which all the parties owned and were operating proved unsuccessful, and the further allegation that said mine did not prove successful, and that the note was delivered to the payee in violation of said agreement, are not sufficient allegations to constitute a conditional delivery of said note, and in the absence of an allegation that the plaintiff had knowledge of such agreement, said allegations are not sufficient to constitute a defense in said action, and the further allegation that "an officer" of the plaintiff bank had knowledge of such agreement between said indorsers is not sufficient allegation that the bank had such knowledge.

3. **Same—Striking Part of Answer.**

Second paragraph of defendants' answer examined, and held not to state a defense to plaintiff's cause of action, and it was not error to strike the same on motion of plaintiff.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by the Farmers' Bank against S. H. Hayes et al. to recover judgment on a promissory note. Judgment for plaintiff, and defendants bring error. Affirmed.

Leahy & Brewster, for plaintiffs in error.

J. S. Arnote and Mosier, Bohannon & Mosier, for defendant in error.

MASON, J. This action was commenced in the district court of Muskogee county by the defendant in error, as plaintiff, against the plaintiffs in error to recover judgment on a promissory note for $3,000, originally signed by the Lucky Pat Mining Company, a corporation, and indorsed by 17 individuals, all stockholders in said company. The only indorsers made parties to this suit were the plaintiffs in error herein. The parties will hereafter be referred to as they appeared in the trial court.

The defendants filed their amended answer, consisting of a general denial and a second and third paragraph. The second paragraph reads as follows:

"Defendants admit that their names ap-

pear as indorsers upon the note sued on, a copy of which is attached to the petition of plaintiff, but they deny that said note is a valid and binding instrument or obligation for the reason that the same was indorsed by these answering defendants under the following circumstances and agreements, to-wit:

· "Said answering defendants, at the time of the signing of said note, lived in the state of Oklahoma, and were stockholders in the Lucky Pat Mining Company, a corporation, the maker of said note, and L. B. Woods, J. D. Coon, J. A. Anderson, J. N. Boyd, C. F. Matsler, Perry P. Coon, J. W. Stanley, E. Holister, J. C. Lomax, and W. R. Pickens, who said defendants understand all lived at the time of the signing of the note, at Princeton, Mo., were stockholders in said corporation and interested in the promotion of the affairs of said corporation, which was organized for mining purposes and which owned said leasehold properties near Miami, Ottawa county, Okla., in the lead and zinc field, and that the execution of said note was had at the instance and request of said above named Missouri indorsers. That at the time of the negotiation of said note said Lucky Pat Mining Company, a corporation, was in need of funds to develop a lease which it owned, and it was proposed by one of the indorsers on said note above named, L. B. Woods, who held himself out as representing the other stockholders living at Princeton, Mo., that he could obtain the sum of $3,000 from said plaintiff bank. That at said time these answering defendants were obliged individually for an indebtedness owing by the Lucky Pat Mining Company, a corporation, approximating $7,000, and that said L. B. Woods was so advised and it was orally agreed and understood by the said L. B. Woods, acting for the above named stockholders and these answering defendants, that in the event of the failure of the said Lucky Pat Mining Company to pay its obligations that then and in that event the property owned by said corporation was to be used in liquidating the debts of said corporation so far as possible, and that if there were any debts remaining due and unpaid for which these answering defendants were obligated, which debts equaled the indebtedness owing to the plaintiff, or more, that then said indorsers on said note sued herein living at Princeton, Mo., would make payment of said note to the plaintiff bank, and would also be responsible for the payment of any other debts and obligations incurred by the Lucky Pat Mining Company, a corporation, share and share alike, with these answering defendants. That said note was indorsed by these answering defendants in the state of Oklahoma, prior to the indorsement thereof by the persons above named residing at Princeton, Mo., and the same was, when indorsed, delivered to L. B. Woods for said plaintiff bank, in escrow and conditionally, and the same was only to be de-

livered to said plaintiff bank and would be binding upon these answering defendants in accordance with the agreement and stipulation heretofore set out by said answering defendants. Said answering defendants aver, allege, and state that there was incurred in good faith by the Lucky Pat Mining Company, a corporation, indebtedness of approximately the sum of $14,166.77, the same being incurred and the money represented thereby paid out in attempting to operate the mining property of said corporation; and that the operation thereof proved unsuccessful and said property would not pay and did not pay, but by reason of its failure to yield any profit the same was abandoned and the mill and property owned by said corporation sold for the sum of $4,000, which amount credited on the total indebtedness, leaving a balance of $10,166.77, representing the deficit of said corporation owing after the selling and converting of all this property into cash, and that said answering defendants are obligated to pay individually upon the debts of said corporation more than twice the amount of said note sued on herein, and that by reason thereof the indorsement of said note by said answering defendants did not become a binding and valid obligation and said L. B. Woods, to whom said note was entrusted, delivered the same, contrary to said escrow agreement and the terms of said contract and agreement as heretofore set out. Said answering defendants further aver that one of the indorsers upon said note is Perry P. Coon, who at the time of the indorsement thereof was an officer of the plaintiff bank and was apprised and knew of all the matters and things hereinabove set forth, and knew the agreement and conditional delivery of said note, and the full terms of said agreement between these answering defendants and the said L. B. Woods, and that said note was, as said answering defendants believe and therefore aver, accepted by said plaintiff bank with full knowledge of all of said facts hereinabove set forth, attendant upon this its indorsement by these answering defendants, and said bank by reason thereof became bound by said agreement and with full knowledge thereof agreed to the conditions of said agreement and by reason thereof, and the failure of said agreement as heretofore set out, said answering defendants are not bound upon said indorsement."

In the third paragraph, the defendants deny that the plaintiff bank is the owner and holder of said note, or that said bank has any interest therein, and allege that said note has been paid by the other indorsers and that the plaintiff bank is bringing this action on their behalf.

Thereafter, the plaintiff filed a motion to strike the second and third paragraphs of the defendant's answer, for the reason that the same did not constitute a defense to plaintiff's cause of action, which motion

was sustained as to the second paragraph, and overruled as to the third paragraph.

Defendants filed no further pleading, and the plaintiff filed a reply consisting of a general denial.

Thereafter, the case came on for trial and the plaintiff offered in evidence the note sued upon, which was admitted without objection, and then introduced evidence as to the amount of interest due and the vaue of the attorney fees and then rested. The defendants demurred to the evidence of the plaintiff, which was overruled, after which the defendants made the following offer of testimony in support of the second paragraph of defendants' answer which had theretofore been stricken: .

"By Mr. Brewster: I would like to offer testimony which has been stricken by the court and overruled in a former action of the court."

The offer was denied, and the defendants offered no further evidence and judgment was rendered for the plaintiff for the amount of the note, interest and attorney fees. Defendants filed a motion for new trial, which was overruled, and they have duly perfected their appeal to this court by filing their petition in error with case-made attached.

For reversal, counsel for plaintiffs in error contend: First, that the allegations of the second and third paragraphs of the amended answer constitute a defense to the plaintiff's petition, and the court erred in sustaining the motion to strike said paragraph; second, that under the answer of the defendants, which stated a defense to the plaintiff's action, the court erred in refusing to permit proof of said answer.

Although counsel cite many authorities and devote a considerable portion of their brief in support of their contention that the court erred in striking the third paragraph, they have, no doubt, overlooked the record, which discloses that the third paragraph was not stricken; therefore it will not be necessary to consider that portion of their assignments of error. Neither will it be necessary to consider the second assignment of error above set forth, inasmuch as the record discloses that the defendants offered no proof, except in support of the allegations of defendants' answer which had been stricken by the court. If the second paragraph of defendants' answer was properly stricken, it is elementary that proof in support thereof was not admissible.

The third paragraph of defendants' answer constituted an affirmative defense, but inasmuch as no proof was offered in support thereof, no error could be predicated thereon.

The sole question presented on this appeal, as we view it, is whether or not the trial court erred in striking the second paragraph of the defendants' answer. This question was presented in the trial court by a motion to strike said paragraph, for the reason that it did not constitute a defense to the plaintiff's cause. This, in effect, was a demurrer, and therefore we will dispose of it as such. Therefore, under the well-established rule of this court, said paragraph must be liberally construed and all the allegations therein taken as true for the purpose of this discussion.

Then, if said facts are sufficient to entitle the defendants to any relief, the striking of said paragraph constitutes reversible error. Measuring said paragraph by this rule, it is contended by plaintiffs in error that the allegations therein show a conditional indorsement and delivery by the plaintiffs in error of the note sued on, and that therefore said paragraph constitutes a defense, and the court erred in striking the same. In support of this contention, counsel cite Horton v. Birdsong, 35 Okla. 275, 129 Pac. 701, which holds as follows:

"A promissory note may be delivered conditionally, and this may be accomplished by delivery to the payee himself, with proper instructions in relation to the condition."

They then cite Colonial Jewelry Co. v. Brown et al., 38 Okla. 44, 131 Pac. 1077, which holds as follows:

"Evidence offered for the purpose of showing that a written instrument was delivered conditionally does not constitute contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule."

And they next cite Ledford v. Huggans et al., 89 Okla. 224, 214 Pac. 687, which cites Horton v. Birdsong, supra, with approval. It will therefore be seen that it is a settled principle of law that a promissory note may be delivered by the maker to the payee upon condition. The question for our determination, then, is whether or not the allegations of said paragraph were sufficient to allege a conditional delivery of said note. Although said paragraph contains an allegation that said note was only to be delivered to the plaintiff

bank in accordance with the agreement and stipulation entered into between the answering defendants and the other indorsers of said note, yet there are no allegations that the bank was a party to the same, but under the allegations it was entered into between the answering defendants and other indorsers on said note.

In 8 C. J. 207, the rule is announced as follows:

"Where a will or note is signed by one or more persons and then given to another to be delivered only on the obtaining of the signature of an additional person or persons, as a comaker, indorser, or surety, the person to whom the bill or note is delivered for such purpose is regarded as the agent for the person or persons who signed conditionally; and hence the payee or a transferee may enforce the bill or note against the person or persons who signed conditionally, where he had no knowledge of the condition at the time the bill or note was delivered or transferred to him, although the additional signatures were not obtained. But if the payee or the transferee takes with knowledge of such an agreement, he cannot recover where the condition has not been performed, unless the person sued is liable as the principal debtor and would have no right to contribution or to a recovery over against the person not signing.

"Where the promisor, for example the maker of a note, places the instrument in the hands of an agent of his own, to be delivered to the promisee on the performance of certain conditions, there is not, properly speaking, a conditional delivery; but if in such a case the agent makes an unauthorized delivery of the instrument to the promisee, the promisor is not bound, in the absence of a valid ratification of his agent's act, if the promisee had knowledge of the limitation of the agent's authority. Where, however, the payee receives the instrument from the agent of the maker, without any notice of limitations on the authority of the agent, although the agent in fact exceeded his authority in delivering the instrument, the maker is liable on the familiar principle that where one of two innocent parties must suffer by the wrongdoing of a third party, the loss should fall on him who reposed the confidence and rendered the loss possible."

The question then arises as to whether or not the allegations of said paragraph were sufficient to show notice to the plaintiff bank. The answer contains an allegation that "an officer" of the plaintiff bank had knowledge of said agreement between the various indorsers of said note, as above referred to. This allegation was not sufficient in view of the holding of this court in the case of Gillis et al. v. First Nat. Bank of Frederick, 47 Okla. 411, 148 Pac. 994, wherein the court held as follows:

"A bank cashier has no authority, as such, to bind the bank by a promise made to a person executing a note to the bank that the maker will not be required to pay said note."

Therefore, if the cashier, by express agreement, could not bind the bank, certainly an allegation that "an officer" of the bank had knowledge of such agreement, between the various indorsers, as alleged herein, could not bind the bank.

From an examination of the entire paragraph, we conclude that the allegations were not sufficient to constitute a conditional delivery of said note by the plaintiffs in error to the defendant in error, nor were the allegations sufficient to show that the plaintiff bank had knowledge of the alleged agreement between the various indorsers. On the other hand, said paragraph alleged a contemporaneous verbal agreement that the answering defendants, as indorsers of said note, were not to be called upon to pay the same, except on the happening of a certain contingency, but that the other indorsers were to pay the same. This was an attempt to vary the terms of a written contract by a contemporaneous parol agreement, and therefore did not constitute a defense to the plaintiff's cause of action, and the trial court properly sustained a motion to strike the same. Colbert v. First National Bank, 38 Okla. 391, 133 Pac. 206; Gillis v. First National Bank, 47 Okla. 411, 148 Pac. 994; Bailey v. Lankford, Bank Commissioner, 54 Okla. 692, 154 Pac. 672.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.