**YANTIS et al. v. PARKER et al.**

No. 15135—Opinion Filed March 31, 1925.

Rehearing Denied June 16, 1925.

**1. Escrows—Possession of Instrument—Unauthorized Delivery to Third Person.**

Where the delivery of an escrow is made to depend upon the payment of money by the other party, consent is withheld until such performance by such other party, and, if a third person, unknown to the escrow agreement, without authority or consent of either party to the escrow, performs the condition thereof by making the payment and thus obtaining possession of the escrow, such third person acquires no title thereby.

**2. Disposition of Cause.**

Record examined, and held, that delivery of the escrow deed was unauthorized, and judgment canceling same is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Ed Parker and wife against M. L. Yantis and B. D. Lack. Judgment for plaintiffs. Defendants appeal. Affirmed.

John W. Willmott and R. J. Roberts, for plaintiffs in error.

A. M. Fowler, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Defendants, being the owners of 40 acres, executed a conveyance of an undivided one-fourth interest in all mineral rights, including royalty rights, therein, to plaintiff Yantis for a consideration of $500, title to be held by the latter for the convenience of one Ryan, to whom the sale was made and for

whose benefit the conveyance was executed. The agreement with Ryan was that said deed should be placed in escrow in a bank in Wewoka, the express condition being that same was to be held by the bank for ten days, during which time Ryan might pay to the bank for the credit of plaintiffs, the consideration of $500 and receive the deed, and failing so to do, the bank should return the deed to plaintiffs. On the date of the expiration of the escrow agreement, defendant, Lack, learning that a discovery well near the Parker land near Wewoka had begun to spray oil, and learning of the said escrow, ascertained from the bank that Ryan had not performed the escrow by depositing said money. Lack called by 'phone for Ryan, who lived and maintained an office at Holdenville. Being unable to reach Ryan, Lack talked to one Stewart at Ryan's office and made some arrangement with Stewart whereby Lack deposited the $500 in the bank at Wewoka and procured the said escrow deed. The banker informed Parker, who was anxious to procure a return of his escrow deed, that Ryan had authorized Lack to deposit the $500 and receive the deed. Lack went at once to Holdenville and paid Stewart $125, $25 of which was to go to Yantis, who also lived at Holdenville, and Stewart procured a conveyance from Yantis to Lack of the same interest described in the deed from Parker to Yantis. Lack filed both instruments for record at Wewoka. Parker believed that Ryan had paid the $500, which the bank had placed to his credit, and Parker checked out a small amount thereof. Soon thereafter, Parker saw Ryan in Holdenville, who advised him that he, Ryan, had neither paid the $500 nor authorized any one else to do so. At once, Parker redeposited that part of the $500 which he had withdrawn and brought this action to quiet his title by cancellation of the said two conveyances. The cause was tried to the court without a jury, judgment being for plaintiffs according to their prayer, from which defendants prosecute error. The record is clear that Parker did not know Stewart or Lack in the escrow agreement but made same with Ryan, through one Kuykendall, Ryan's agent. Under elementary principles, Parker was not bound to recognize Stewart or Lack as contractee but had the right to choose to whom he would sell. He had chosen to sell and had sold to Ryan. In Heath et al. v. Burnham-Munger-Root Dry Goods Co., 74 Okla. 186, 177 Pac. 606, citing Powers v. Rude, 14 Okla. 381, 79 Pac. 89, and other cases, it is held:

"Where the delivery of an escrow is made

to depend upon the performance· of certain conditions, consent is withheld until such performance has been performed, and, if the payee in a note so placed in escrow obtains possession of the same before performance of said condition, he acquires no title thereby."

Parker had consented to the performance of the condition of the escrow only by Ryan. Ryan testified, the court found, and we think it is a fact, that Ryan had nothing to do with the payment of the $500. Therefore, Parker never consented to the delivery of the original deed and no title passed to Yantis by the manual delivery of the deed to Lack. Of course the deed from Yantis to Lack is also void.

The defense is that Ryan and Stewart were partners to the transaction or else that Stewart was Ryan's agent in making the sale from Ryan—Yantis holding legal title—to Lack. The trial court properly refused proffered testimony of defendants that Ryan and S ewart were partners. The court so held because it was not shown that Parker had any notice or knowledge whatever of such partnership and did not know Stewart or Lack in the original escrow agreement. It seems that Stewart worked out of Ryan's office at Holdenville and that they split profits on certain transactions designating through Stewart. Such arrangement is quite customary, but there is no evidence that Stewart was Ryan's partner in any matter where Ryan undertook an investment, as in the instant case. Even if there had been such evidence, it could not bind Parker who did not deal with Stewart and had no notice whatever that Stewart was interested in the escrow contract. This seems to elementary to require authority. Assuming that it was error for the court to exclude evidence that Stewart was Ryan's agent to perform this escrow, independent of any partnership relation between Stewart and Ryan, such error was harmless for that the proffered testimony fails to establish such agency when considered with the other testimony. The evidence, as a whole, clearly sustains the finding of the trial court that there was no such agency.

We deem it unnecessary to discuss either contentions. The judgment is clearly correct. Let same be affirmed.

By the Court: It is so ordered.